TEXAS EMPLOYERS' INS. ASS'N v.
BRYAN. (No. 5885.)

(Court of Civil Appeals of Texas. San Antonio.
Oct. 17, 1917. Rehearing Denied
Nov. 14, 1917.)

1. MASTER AND SERVANT &#9758;349 — STATUTE—
RETROACTIVE OPERATION—JURISDICTION.
Where plaintiff sued, on an award of the Industrial Board, in her favor, under Acts 33d Leg. c. 179, and recovered judgment for the unmatured installment, which judgment was not authorized by the Act (Acts 35th Leg. c. 103, pt. 2, § 5a), amending the original act, under which suit was brought, authorizing the beneficiary to mature the entire claim and sue thereon, such act becoming a law after the case was pending on appeal, would not affect the question of the jurisdiction of the court based on amount of claim at the time the case was tried.

2. COURTS &#9758;121(4)—JURISDICTION—AMOUNT IN CONTROVERSY—MANDAMUS.
Where the Industrial Accident Board, under the Employers' Liability Act, awarded a widow $12.96 per week for 360 weeks, for the death of her husband in service, and when the payments that had accrued to the widow under the award did not exceed $500, she sued the Employers' Insurance Association in the district court for the amount and for mandamus, the district court had no jurisdiction of the case, which was in the county court, the case being for an amount exclusively within the latter's jurisdiction, it being vested with power to issue writ of mandamus in cases involving amounts within its jurisdiction.

Appeal from District Court, Grimes County; S. W. Dean, Judge.

Suit by Mrs. R. E. Bryan against the Texas Employers' Insurance Association. From a judgment for plaintiff, defendant appeals. Judgment reversed, and cause dismissed.

J. E. Price and F. J. Winter, both of Houston, for appellant. Haynes Shannon, of Navasota, for appellee.

MOURSUND, J. Appellee sued appellant on May 9, 1916, and on June 30, 1916, filed her amended petition upon which judgment was rendered in her favor on the same date. In her amended petition she alleged that on September 15, 1915, her husband, R. E. Bryan, while in the employ of the Texas Power & Light Company, at Ennis, was severely injured through the negligence of the agents and servants of said company; that said company at that time carried a policy of insurance with defendant under the provisions of chapter 179, Acts of the Regular Session of the Thirty-Third Legislature, and had paid all premiums due by it; that said policy bound defendant to pay any and all damages awarded by the Industrial Accident Board to any laborer injured while working for said Power & Light Company; that when plaintiff's husband was injured said Power & Light Company reported said injury, as provided by law, to the state Industrial Accident Board, and defendant was properly notified, and said cause submitted to said board for adjudication; that after investigation and full hearing said board, on December 8, 1915, allowed said Bryan compensation in the sum of $12.96 per week for 400 weeks for total incapacity to labor, and additional compensation for 300 weeks for partial incapacity in the event his total incapacity to labor continued beyond the 400 weeks; that defendant made no objection to such award and took no steps to set the same aside, nor did it appeal therefrom; that defendant offered Bryan $200 in settlement of his claim, which he refused, and thereupon defendant refused to pay him anything, and has never paid any part of said award; that Bryan was totally incapacitated from labor from the time of his injury to his death on December 23, 1915, from the effects of his said injury; that on May 15, 1916, an award was made by the Industrial Accident Board to plaintiff of $12.96 per week for 360 weeks; and that defendant did not appeal from said award, and the same is a liquidated demand against appellant. Copies of the two orders entered by the Industrial Accident Board were attached and made part of the petition. Plaintiff prayed for judgment for $12.96 per week for 360 weeks, or such sum as the court might find plaintiff entitled to under and by virtue of said award; that the award in favor of plaintiff on May 15, 1916, be made the final judgment of the court; and that execution issue to enforce the same. She also prayed that a writ of mandamus be awarded commanding defendant to pay said award at the end of each week.

Plaintiff, by trial amendment, alleged that

---

&#9758;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. E. Bryan had no children and no relatives who were entitled to receive any part of the money due by defendant under the award or awards, and that she, as his surviving wife, was entitled to all of the same. The defendant's amended answer consisted of a general demurrer, special exceptions, a general denial, and a special plea that no notice was given by Bryan to defendant or to his employer until October 24, 1916, and that said notice was not given as soon as practicable, and therefore plaintiff was not entitled to recover. The court rendered judgment in favor of plaintiff for $12.96 per week for 360 weeks, beginning December 23, 1915, providing for execution for the sum then due, and that plaintiff have her execution for said weekly sums as they accrue from date of trial, and that the judgment should bear interest from its date at the rate of 6 per cent. per annum.

The appellant contends that plaintiff's pleadings disclose that the district court was without jurisdiction of the case alleged. It is pointed out that the sum due under the award to plaintiff according to the terms thereof does not exceed $500, and this is admitted by appellee, but she contends that the award was not divisible, and that her suit was properly brought for the entire sum, and further, that her prayer for mandamus gives the district court jurisdiction.

Plaintiff's suit is upon the award in her favor, upon the theory that it had been regularly made, and that it therefore created a liquidated demand in her favor. The law made no provision with respect to the enforcement of such awards, evidently upon the theory that unless the insurance association objected to the jurisdiction of the board and appealed to the courts as prescribed in the law, it would pay the award. The association refused to pay the installments which matured prior to the filing of the amended petition and plaintiff pleaded a cause of action entitling her to judgment for the same, and to such writ or writs as are proper and necessary to collect a judgment from an association designated a private corporation, but which is in fact merely an administrative agency to effectuate the purposes of the law. But the matured installments amounted to a sum insufficient to confer jurisdiction upon the district court. In the case of New York Life Insurance Co. v. English, 96 Tex. 268, 72 S. W. 58, it was held that where the sum to be paid under a life insurance policy was to be paid in installments, the entire amount did not become due on the death of the insured and the refusal of the company to pay the first installment, and that it was error to render judgment for the full amount, or a judgment authorizing execution for each future installment as it should fall due. While this case is founded upon an award by an administrative board instead of a contract, we are unable to perceive any distinction in principle such as would justify a holding that suit could be maintained upon unmatured installments.

The pleadings present the case of a suit upon the award of an administrative body, which award under the law governing the body making the same could not vest in Mrs. Bryan unmatured installments, for if she died, they would go to other beneficiaries or creditors. We must, therefore, read into the award the provision that said installments go to other beneficiaries or creditors if she dies before the maturity of the same. This furnishes an additional reason if any be required, why suit cannot be sustained as to the unmatured installments.

[1] It is contended that section 5a of part 2 of chapter 103, Acts of Regular Session of the Thirty-Fifth Legislature, amending the act under which this suit was brought, will cure the defect in the petition, because it provides that if the association fails to pay an installment of an award the beneficiary shall have the right to mature the entire claim and sue thereon. That act became a law on March 28, 1917, after this case was pending on appeal, and could not possibly affect the question of jurisdiction of the court at the time it tried the case. Besides, the act expressly limits the provision in question to awards made under the terms of such act, and cannot be construed as an effort to affect awards made under the previous act.

Appellee also contends that the district court has jurisdiction by reason of her plea for mandamus. The statute does not provide that upon failure to pay installments the claimant may procure a writ of mandamus commanding the association to comply in all respects with the award. It therefore appears that the rules applicable to suits for debt would apply, and the writ would only issue for the collection of such judgment as was rendered in the cause.

The judgment which could be rendered upon the petition would be for an amount which is exclusively within the jurisdiction of the county court, and that court is vested with the power to issue the writ of mandamus in cases involving amounts within its jurisdiction.

[2] We conclude that the district court did not have jurisdiction of the case pleaded, and its judgment will therefore be reversed, and the cause dismissed.