## FRANK v. STATE BANK & TRUST CO.
### (No. 546–3742.)

(Commission of Appeals of Texas, Section A. June 6, 1924.)

Constitutional law ⬚171—Mortgages ⬚330 —Statute changing period of limitations held unconstitutional in so far as applicable to deeds of trust executed prior to enactment.

Acts 1913, c. 123, § 1, amending Rev. St. art. 5693 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5693), so as to change the period of limitations for enforcement of power of sale under deed of trust from ten to four years, *held* unconstitutional, because of impairment of obligation of contract, in so far as it attempts to apply the new period of limitations to deeds of trust executed prior to enactment of amendment.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action between Aaron Frank and the State Bank & Trust Company. To review judgment of Court of Civil Appeals, the former brings error. Affirmed.

Don A. Bliss, of San Antonio, for plaintiff in error.

Kampman, Burney & Browne and Hal Browne, all of San Antonio, for defendant in error.

CHAPMAN, J. The Legislature in 1913, by amending article 5693 of the Civil Statutes (Vernon's Sayles' Ann. Civ. St. 1914, art. 5693), changed the time for making sale by trustee under deeds of trust from ten to four years, and provided that the new limitation should apply to deeds of trust executed prior to the passage of the new act. Prior to 1905 there was no limit fixed by statute as to when power of sale under deed of trust could be enforced; between 1905 and 1913 the time fixed by statute was ten years. The deed of trust under consideration was executed after the act of 1905 went into effect, and before the passage of the act of 1913. The plaintiff in error contends that the act of 1913, in so far as it attempts to change the period of limitation of sale under deeds of trust then existing and executed subsequent to 1905, is in contravention of both the state and federal Constitutions, in that said act impairs the obligation of contracts. The deed of trust in this case provided that sale might be made at any time after the maturity of the indebtedness. The law having undertaken to fix the time in which sales might be made under deeds of trust, the question arises in this case whether the ten-year limitation in force at the time of the execution of the deed of trust or the four-year limitation in force at the time of sale should govern, and this raises the question as to whether the law in force at the time the deed of trust was executed, under which sale might be made at any time within ten years after the maturity of the indebtedness, should be read into it. 6 Ruling Case Law, p. 325, states the general rule as to this question as follows:

"Conformably to the well-established rule that the laws which subsist at the time and place of making a contract enter into and form a part of it, as if they were expressly referred to or incorporated in its terms, the obligation of a contract is measured by the standard of the laws in force at the time it was entered into, and its performance is to be regulated by the terms and rules which they prescribe."

And as applied to mortgages, on page 365, same volume, it is stated:

"The general rule is that the law in force at the time a mortgage is executed, with all the conditions and limitations it imposes, is the law which determines the force and effect of a mortgage; and hence it is that changes in the laws, imposing conditions and restrictions on a mortgagee in the enforcement of his right, and which affect its substance, are invalid as impairing the obligation and cannot prevail."

The nearest approach to the case under consideration, found in Texas Supreme Court

Reports is Thompson, Executor, v. Cobb, 95 Tex. 140, 65 S. W. 1090, 93 Am. St. Rep. 820. In that case the deed of trust provided that sale be made at any time within lawful hours. When the deed of trust was executed there was no provision by statute as to which day of the week sales under deeds of trust should be made on. Between the date of the execution of the deed of trust and the date sale was made under it a statute was passed requiring that such sales be made on Tuesday. The sale was made on Wednesday, and the court held that the sale was legal, construing the deed of trust to mean that the words "at any time within lawful hours" meant any day of the week within lawful hours, and that the Legislature could not by subsequent legislation change the terms of the contract. Another similar case by the Supreme Court is Loan Ass'n v. Hardy, 86 Tex. 610, 26 S. W. 497, 24 L. R. A. 284, 40 Am. St. Rep. 870. In that case the following query was made:

"Did the act of March 21, 1889, entitled 'An act to prescribe the place and time of sale of all real estate thereafter to be sold under power conferred by any deed of trust or other lien,' have the effect of requiring compliance with its provisions in cases of sales thereafter made under a power, where the contract conferring the power had been executed prior to said act, and provided differently in respect to the sale?"

—and the following answer given:

"The constitutional provisions which forbid legislation the effect of which would be to impair the obligation of contracts affecting property or pecuniary rights, are broad and embrace every such contract; and on the case stated the question arises: Is a contract securing to a creditor right to a specific remedy, whereby he may enforce a pecuniary obligation without resort to the courts of the country, subject to such modifications and changes as may lawfully be made in the ordinary remedies prescribed by law? We are of opinion that this should be answered in the negative."

And in considering the case Chief Justice Stayton made this statement:

"When parties, looking to all the facts bearing on their respective interests, make a contract whereby specific remedy, not given by law, is secured for enforcement of rights, courts ought not to inquire as to the extent of injury which may result if a law subsequently enacted, and affecting the remedy, be given effect; for such legislation impairs the obligation of contract, takes away vested rights, and is therefore prohibited by the Constitution."

In the case of Western Saving Fund Society v. Philadelphia, 31 Pa. 175, 72 Am. Dec. 730, the case under consideration was not like this case, in that it did not affect a lien, but it did become necessary for the court to determine whether a law in force at the time a contract was entered into should govern, and in passing on said question the Supreme Court of Pennsylvania used the following language:

"It is a rule, in the construction of contracts, that the law existing when a contract is made enters into it and necessarily forms a part of it. The remedies prescribed for enforcing performance are regarded by the parties as constituting that 'obligation' of the contract which is within the protection of the Constitution. If the remedies were taken away, there would be nothing but the moral obligation left, and it is absurd to suppose that this was the 'obligation of the contract' which the Legislature was prohibited from impairing. Plain common sense, responding to the demands of justice, has scattered to the winds the flimsy distinction between the right and remedy, so far as to declare that any change of the nature or extent of the latter so as to impair the former is just as much a violation of the compact as if the right itself was directly destroyed."

In Bronson v. Kinzie et al., 1 How. 311, 11 L. Ed. 143, the question before the court was whether a law of Illinois passed subsequent to the execution of the deed of trust and prior to the date of foreclosure or sale under the deed of trust, which provided that the mortgagor should have twelve months after the date of sale in which to redeem, and that the sale should be void unless the property brought two-thirds of its value— the value and manner to be determined as fixed by law—was unconstitutional as applied to deeds of trust executed prior to the enactment of the law, for the reason that said law was in violation of the obligation of contract. The court held that said law was unconstitutional as applied to said deeds of trust, and in discussing the case the court used the following language:

"As concerns the obligations of the contract upon which this controversy has arisen; they depend upon the laws of Illinois as they stood at the time the mortgage deed was executed. * * * Yet no one doubts his right or his remedy; for, by the laws of the state then in force, this right and this remedy were a part of the law of the contract, without any express agreement by the parties. So, also, the rights of the mortgagee, as known to the laws, required no express stipulation to define or secure them. They were annexed to the contract at the time it was made, and formed a part of it; and any subsequent law, impairing the rights thus acquired impairs the obligations which the contract imposed."

And in McCracken v. Hayward, 2 How. 608, 11 L. Ed. 397, the court, in passing on the same question mentioned in the last above case, held as did the court in that case, and in doing so made the following statements:

"The obligation of a contract consists in its binding force on the party who makes it. This depends on the laws in existence when it is made; these are necessarily referred to in all contracts, and forming a part of them as the

measure of the obligation to perform them by the one party, and the right acquired by the other. * * * If any subsequent law affect to diminish the duty, or to impair the right, it necessarily bears on the obligation of the contract, in favor of one party, to the injury of the other; hence any law, which in its operation amounts to a denial or obstruction of the rights accruing by a contract, though professing to act only on the remedy, is directly obnoxious to the prohibition of the Constitution."

In Edwards v. Kearzey, 96 U. S. 595, 24 L. Ed. 793, the Constitution of North Carolina of 1868 took effect on the 24th of April of that year. The lands of defendant in error in that case were by said Constitution made his homestead, and not subject to forced sale under execution. Prior to the adoption of the Constitution defendant in error had executed in favor of plaintiff in error several written obligations. Several judgments on these obligations were recovered against defendant in error, one on the 15th of December, 1868, and another on the 10th of October of the same year, and the third on the 7th of January of the same year. At the time of the execution of the contract upon which judgments were obtained the property of defendant in error was not exempt from forced sale. In January 22, 1869, the premises in controversy were duly set off to defendant in error as a homestead in the manner then provided by law. On the 6th of March, 1869, the sheriff, under executions issued on the judgments, sold the premises to the plaintiff in error, and thereafter executed to him a deed in due form. The United States Supreme Court held that under these conditions plaintiff in error obtained title to the land and that the law in effect at the time of the original contracts applied in this case, and in discussing the case the court, in different portions of their opinion, used the following language:

"The obligation of a contract includes every thing within its obligatory scope. Among these elements nothing is more important than the means of enforcement. This is the breath of its vital existence. Without it, the contract, as such, in the view of the law, ceases to be, and falls into the class of those 'imperfect obligations,' as they are termed, which depend for their fulfillment upon the will and conscience of those upon whom they rest. The ideas of right and remedy are inseparable. * * * It is also the settled doctrine of this court that the laws which subsist at the time and place of making a contract enter into and form a part of it, as if they were expressly referred to or incorporated in its terms. * * * The remedy subsisting in a state when and where a contract is made and is to be performed is a part of its obligation, and any subsequent law of the state which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void."

263 S.W.—17

In Barnitz v. Beverly, 163 U. S. 118, 16 Sup. Ct. 1042, 41 L. Ed. 93, the question under consideration for the court was as to the constitutionality of a statute of 'Kansas which authorized the redemption of property sold upon foreclosure of a mortgage where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, as applied to the sale under a mortgage executed before its passage. The court held that the new law did not apply to deeds of trust executed prior to the passage of the act, and in discussing the case the following language was used:

"The decisions of this court are numerous in which it has been held that the laws which prescribe the mode of enforcing a contract, which are in existence when it is made, are so far a part of the contract that no changes in these laws which seriously interfere with that enforcement are valid, because they impair its obligation within the meaning of the Constitution of the United States. * * * Without pursuing the subject further, we hold that a statute which authorizes the redemption of property sold upon foreclosure of a mortgage, where no right of redemption previously existed, or which extends the period of redemption beyond the time formerly allowed, cannot constitutionally apply to a sale under a mortgage executed before its passage."

In Bradley v. Lightcap, 195 U. S. 1, 24 Sup. Ct. 748, 49 L. Ed. 65, at the time of the execution of the deed of trust the statutes of Illinois contained no limitation of time within which a sheriff's or master's deed must be taken after the period of redemption had expired, and prescribed no preliminary or laws of right to the purchaser by reason of delivery or failure in taking out such deed. Subsequent to the execution of the deed of trust, and prior to foreclosure under it, the Legislature passed an act providing that the sheriff's or master's deed must be taken out within 5 years from the expiration at the time of redemption, and providing, that when such deed is not taken out within such time, the certificate of purchase shall be null and void. The court held that this law did not apply to deeds of trust executed prior to the passage of the act, and made the following statement:

" 'But this court held, through Mr. Justice Miller, that all the laws of a state existing at the time a mortgage or any other contract is made, which affect the rights of the parties to the contract, enter into and become a part of it, and are obligatory on all courts which assume to give a remedy on such contracts; * * * that it is therefore said that these laws enter into and become a part of the contract'—and that 'the remedy subsisting in a state when and where a contract is made and is to be performed is a part of the obligation.' "

We could cite other decisions of the United States Supreme Court to the same effect, but deem it unnecessary.

We understand that interest is a creature of statute, and that it was unknown to the common law, and the law in regard to interest when no interest is provided for in the contract is an example of the general principle that the law in force at the time of the execution of a contract governs, and that any subsequent law tending to interfere with the obligation of the contract is unconstitutional. This law in regard to interest is stated by 12 Corpus Juris, p. 1038, in the following language:

"Where a contract contains an express promise for the payment of interest, or such an agreement is properly to be implied on the principle that the law then in force as to interest is incorporated into the contract, the obligation as to interest is within the protection of the Constitution, and any subsequent statute is void which attempts to remit such interest, or to change the rate at which it shall be computed."

Plaintiff in error places much stress on the case of Cathey v. Weaver by our Supreme Court, reported in 111 Tex. 515, 242 S. W. 447, but the court in that case, in considering a different question to the one that we have under consideration, merely stated that the amendment of 1913 of articles 5693, 5694, and 5695 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695) was effective as to both prior and subsequent obligations, but the constitutionality of said amendment as to the parts of it that we now have under consideration was not before the court in the Cathey Case, and the court did not undertake to pass on the constitutionality of that part that we have before us in this case.

After a painstaking investigation we have reached the conclusion, beyond a reasonable doubt, that, in view of the fact that the deed of trust executed in this case was executed for the purpose of providing a remedy for the enforcement of contract entirely outside of and independent of the courts, the law in effect at the time said deed of trust was executed became a part of and was read into the deed of trust as effectually as though the provision had been written into the deed of trust by the parties. It is admitted that, if the ten-year limitation had been written into the deed of trust, any subsequent law attempting to shorten the limitation would be unconstitutional.

We therefore hold that the amendment of 1913 is unconstitutional in so far as it attempted to apply the new period of limitation of four years to deeds of trust that were executed prior to the enactment of the amendment.

There is another phase of the amendment of 1913 that we should mention, but, in view of the above holding, it does not become necessary to pass on this other phase of said law. By reference to article 5693 it will be observed that any attempted sale under a deed of trust, after the expiration of four years from the maturity of the indebtedness secured thereby, shall be absolutely void, and in none of the subsequent articles is there any provision made for a sale by the trustee under the deed of trust, but the only provision for any protection to the mortgagee is the right to either obtain an extension of the indebtedness or resort to the courts for his remedy, and this necessarily means that in any indebtedness where the four-year limitation has run prior to the enactment of the amendment of 1913 the mortgagee is forever deprived of any sale by the trustee under the terms of the deed of trust, and that in all cases where limitation had begun to run at the time of the enactment of the 1913 amendment the only time in which sale could be made under the deed of trust would be the remainder of the four years that had not run prior to the enactment of said statute, and in the case under consideration this time would amount to about three years.

In the absence of our holding above, this other phase of the law would necessarily raise a serious question as to the constitutionality of the act as applied to deeds of trust executed prior to the enactment, where the four-year period of limitation had already run, or had begun to run, at the time of the enactment of the amendment of 1913, but we refrain from discussing this feature of the law.

The Court of Civil Appeals of the Fourth District having held that the above-discussed amendment of 1913 applied to deeds of trust executed prior to the enactment of said amendment was unconstitutional because of impairing the obligation of contract, we recommend that the judgment of the Court of Civil Appeals be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.