**FARMERS' LIFE INS. CO. v. WOLTERS et al.** (No. 558–4078.)

(Commission of Appeals of Texas, Section A. June 12, 1924.)

Constitutional law  171—Mortgages  330 —Statute changing time in which to exercise power of sale under deed of trust held unconstitutional as applied to pre-existing deeds of trust.

 Acts 1913, c. 123, § 1, amending Rev. St. art. 5693 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5693), by making the time for sales by trustee under deeds of trust four years instead of 10, held unconstitutional as impairing obligation of contract as applied to pre-existing deeds of trust.

Error to Court of Civil Appeals of First Supreme Judicial District.

Suit by the Farmers' Life Insurance Company against J. F. Wolters and another, executor and executrix of the will of Jonathan Lane, deceased, and others, in which Walter Lane intervened. Judgment for plaintiff was reversed and rendered in part and reversed and remanded in part by the Court of Civil Appeals (255 S. W. 666), and the plaintiff brings error. Judgment of Court of Civil Appeals reversed, and that of district court affirmed.

Bryan, Dyess & Colgin, of Houston, and W. W. Searcy, of Brenham, for plaintiff in error.

Wolters, Storey, Blanchard & Battaile, L. A. Adamson, and Green & Boyd, all of Houston, for defendants in error.

CHAPMAN, J. On March 1, 1912, Jonathan Lane, of Harris county, Tex., executed in favor of the Continental Trust Company a deed of trust on certain land in Wharton county to secure the payment of a note for $10,000 due March 1, 1913. On June 1, 1913, Lane made a partial payment on the note, and on that date an indorsement in the handwriting of Lane was made on the back of the note, which indorsement is as follows:

· "Time of payment of the balance of this note extended to March 1, 1914, June 1, 1913. Continental Trust Co., by J. H. Thompson, President."

No further payment was made on the note, and on May · 27, 1916, Jonathan Lane died. On the first Tuesday in January, 1918, the land described in the deed of trust was sold under the terms of the deed of trust to ·satisfy the balance due on ·the note, and at the trustee's sale ·the land was bid in by the Farmers' Life Insurance Company, which, in the meantime, had become the owner of the note, and the trustee, in due time, made deed to the land to the Farmers' Life Insurance Company.

This suit was brought in one of the district courts of Harris county by the Farmers' Life Insurance · Company against the executors of the estate of Jonathan Lane, deceased, to recover the title and possession of the tract of land above mentioned. The American Surety Company, the Texas Loan & Trust Company, and Guy Graham were made parties by reason of having filed abstracts of judgments against Jonathan Lane.

Walter Lane, the adopted son of Jonathan Lane, intervened in the suit, and claimed title to the land under a deed of conveyance to him executed by Jonathan Lane on the 25th day of August, 1911.

The questions of fact in the case were submitted by the trial court to the jury upon two special issues, one of which is as follows:

"Was the deed from Jonathan Lane to Walter Lane for the land in controversy executed and delivered to Walter Lane before March 1, 1912, with the intention on the part of Jonathan Lane to then and there pass and vest unconditional title to said property to Walter Lane?"

Judgment was by the trial court rendered in favor of plaintiff against all defendants. The Court of Civil Appeals of the First District reversed and rendered the case against plaintiff in the trial court, and as to the defendants in the trial court remanded the case for a disposition of the issues between them. Farmers' Life Insurance Company made application to this court for writ of error, which has been granted, and in the assignments of error made by plaintiff in error three issues are raised: First, that article 5693 of the Revised Civil Statutes, as amended by the Acts of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, art. 5693), wherein the time for making sale by trustee under deeds of trust is changed from ten years to four years, and made to apply to deeds of trust executed prior to the enactment of the amendment, impairs the obligation of ·contracts, and is therefore in contravention of both the state and federal Constitution; second, that the Court of Civil Appeals erred in holding that the extension placed on the back of the note, and as above set out, was not a sufficient signing of the instrument to·satisfy article 5705, Revised Civil Statutes, requiring an acknowledgment of the justness of a claim to be in writing and ·signed; third, that the Court of Civil Appeals erred in holding that the issue on the execution and delivery of the deed by Jonathan Lane to Walter Lane was not properly submitted to the jury in the special issue above set out.

We have had under consideration along with this case the case of Aaron Frank v. State Bank & Trust Co., 263 S.·W. 255, and in that case we held that the amendment to article 5693 of the Revised Civil Statutes by

the Acts of 1913, wherein the time for making sales under deeds of trust was changed from ten years to four years, is unconstitutional in so far as it attempts to make said act apply to deeds of trust executed prior to the date that the act became effective; and we refer to our opinion in that case for our reasons for so holding, and we deem it unnecessary to again state the reasons there given.

In view of our holding as to the first proposition raised by plaintiff in error, it is unnecessary to pass on the second question raised, it being immaterial whether or not the time of payment of the note was extended to March 1, 1914, as the beneficiaries in the deed of trust would have until March 1, 1923, in which to have sale of the land made under the provisions of the deed of trust, regardless of any extension. As between plaintiff in error and Walter Lane it is immaterial whether the issue as to the delivery of the deed by Jonathan Lane to Walter Lane was properly submitted, for the reason that the deed from Jonathan Lane to Walter Lane was not acknowledged and was not of record at the time of the execution of the deed of trust, and there was an issue before the trial court as to whether the beneficiaries under the deed of trust had any notice of the deed from Jonathan Lane to Walter Lane. This issue was not submitted to the jury, and no objections made because of that fact, and the trial court expressly stated in its judgment that all issues not submitted to the jury were found in favor of plaintiff in the trial court.

We recommend that the judgment of the Court of Civil Appeals be reversed, and that the judgment of the District Court be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.