**ÆTNA LIFE INS. CO. v. GRAHAM et al.***
(No. 293.)

(Court of Civil Appeals of Texas. Waco.
Dec. 24, 1925. Rehearing Denied
Jan. 21, 1926.) .

1. **Master and servant** ⬅349—**Amendment of Compensation Act held not retroactive.**

Rev. St. 1925, art. 8306, § 8a, entitling parents not dependent to compensation for death of employé, *held* not retroactive so as to be applicable to injury arising under contract of insurance terminating prior to amendment, in view of article 8309, § 3b, and Vernon's Ann. Civ. St. Supp. 1918, art. 5246—87; any other construction being violative of Const. Tex. art. 1, § 16, and Const. U. S. art. 1, § 9.

2. **Master and servant** ⬅400—**Wife, separated from husband, entitled to present claim for death of daughter without joining husband.**

A wife, separated from her husband, who was residing in another state, is entitled to present claim, under Workmen's Compensation Act, for death of daughter, and file suit to set aside award without being joined by husband.

3. **Master and servant** ⬅417(4½)—**Notice not to abide by decision of Compensation Board held sufficient.**

Notice not to abide by decision of board in workmen's compensation proceeding given by registered letters, mailed 17 days after entering of award, but not received until 3 days later, *held* sufficient compliance with statute.

4. **Master and servant** ⬅348—**Compensation Acts liberally construed.**

Workmen's Compensation Acts are given a broad and liberal construction to effectuate their intent and purpose.

5. **Master and servant** ⬅373—**Tuberculosis resulting from irritation caused by fumes compensable "injury."**

Tuberculosis resulting from irritation caused by fumes produced by chemicals which employé was obliged to mix *held* compensable "injury." within Rev. St. 1925, art. 8309, § 1, subd. 5.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Injury.]

6. **Master and servant** ⬅417(5)—**Whether fumes were exciting cause of tuberculosis held for jury.**

In compensation proceedings for death from tuberculosis, whether irritation of lungs was caused by fumes from chemicals which employé was obliged to mix and was exciting cause of tuberculosis *held* for jury.

7. **Master and servant** ⬅404—**Deposition of coemployé of deceased as to character of work held admissible.**

In compensation proceedings for death of employé from tuberculosis, deposition of deceased's sister, who worked with her and performed same duties, as to duties and character of deceased's work, *held* properly admitted.

Appeal from District Court, McLennan County; Giles P. Lester, Judge.

Action by Carrie Graham and others against the Ætna Life Insurance Company. Judgment for plaintiffs, and defendant appeals. Reversed and remanded.

See, also, 279 S. W. 927.

Jos. W. Hale, of Waco, for appellant.

N. A. Coston, E. C. Street, and H. L. Taylor, all of Waco, for appellees.

STANFORD, J. Artie Graham was the daughter of Kate Graham and husband, Jesse Graham. Artie Graham was employed for about 2 years prior to May 1, 1922, by the Thomsen Company in the manufacture of shoe polish. Artie Graham died January 31, 1924, of tuberculosis, claimed to have been caused or superinduced while in the employment of the Thomsen Company by inhaling poisonous gases, fumes, and powders arising from the chemicals used in manufacturing said shoe polish. Artie Graham filed her claim for compensation with the Industrial Accident Board for said injury on January 9, 1924. Thereafter, February 26, 1924, after the death of Artie Graham on January 31, 1924, Mrs. Kate Graham, mother of Artie Graham, filed claim with the Industrial Accident Board, which was acted upon by the board March 27, 1924. On April 15, 1924, notice was given by Kate Graham, by registered mail, that she would not abide the decision of the board. On May 5, 1924, Kate Graham filed this suit, but by mistake in her petition she was designated "Carrie Graham." On June 8, 1924, appellant filed its original answer, consisting of a plea to the jurisdiction of the court and certain pleas in bar, etc. On or about January 31, 1925, Mrs. Kate Graham died, and thereafter on May 7, 1925, Jesse Graham, husband of Kate Graham, deceased, and Mary Kate Beaty, joined by her husband, J. T. Beaty, Fred Graham, Lewis Graham, and Albert Graham, brothers and sister of Artie, and children of Kate and Jesse Graham, filed in said cause what is designated as plaintiffs' second amended petition, in which they alleged, among other things, that the Thomsen Company was a subscriber under the Employers' Liability Act, and carried insurance for their employés with appellant, the Ætna Life Insurance Company; that Artie Graham sustained, in the course of her employment by the Thomsen Company, an injury which so affected her constitution and health as to render her incapable of performing any manual labor, and from which she finally died, and they sought judgment for compensation under the Employers' Liability Act for the sum of $9 per week for 366 weeks.

In answer to special issues the jury found: (1) That in the course of her em-

ployment with the Thomsen Company Artie Graham received a personal injury; (2) that the death of Artie Graham naturally resulted from said injury; (3) that Artie Graham received said injury February 1, 1922; (4) that Artie Graham had good cause, under all the facts and circumstances in this case, for her failure to give notice of her injury to the Thomsen Company within 30 days after the happening thereof; (5) that the failure on the part of Artie Graham to give notice or make claim for compensation did not in any way injure the Ætna Life Insurance Company; (6) that the average weekly wages of Artie Graham at the time she received said personal injury was $9.61½; (7) that Artie Graham had good cause, under all the facts and circumstances in this case, for her failure to make claim for compensation within 6 months after the happening thereof. On said special findings the court entered judgment for appellees.

### Opinion.

[1] Appellant, by several assignments and propositions thereunder, contends, in effect, that appellees failed to allege or prove a cause of action and that the trial court erred in refusing to instruct a verdict for appellant; and, as a basis for such contention, contends that the amendment of the Employers' Liability Act of 1923 (Acts 1923, c. 177) has no application to this case, and that, as the amendment of 1917 (Vernon's Ann. Civ. St. Supp. 1918, art. 5246—1 et seq.) requires that relatives, such as appellees in this case, to be entitled to be beneficiaries, must have been dependent upon the deceased assured, and that, as the evidence failed to show that any one of appellees was dependent upon Artie Graham, appellees, therefore, failed to show any right of recovery. The amendment of 1923 became effective in June, 1923, and provides:

"Sec. 8a. The compensation provided for in the foregoing section of this law shall be for the sole and exclusive benefit of the surviving husband who has not for good cause and for a period of three years prior thereto, abandoned his wife at the time of the injury, and of the wife who has not at the time of the injury without good cause and for a period of three years prior thereto, abandoned her husband, and of the minor children, parents and stepmother, without regard to the question of dependency, dependent grandparents, dependent children and dependent brothers and sisters of the deceased employé." Section 8a of article 8306, Revised Statutes 1925.

If this act were applicable to the facts of this case, and under the terms of the policy became a part of the insurance contract in force at the time Artie Graham received her injury, then Jesse Graham, the father of Artie Graham, provided appellant's other contentions were overruled, would be entitled to recover as beneficiary, regardless of the question of dependency. Artie Graham was not in the service of the Thomsen Company after May 1, 1922. Her injury occurred some time during the 2-year period immediately preceding May 1, 1922. The jury fixed the date of her injury as February 1, 1922. Her rights to compensation were fixed by the insurance contract held by the Thomsen Company for the benefit of their employés at the date of her injury and the law in effect at the time said policy was issued and all amendments thereof that became effective while said policy was in force, all of which was a part of said contract, and, if she had continued to live, we do not think her rights to compensation could have been enlarged or diminished by the subsequent enactment which became effective in June, 1923, since the policy in force at the time she was injured expired on March 2, 1922, and so the act of 1923 could not become a part of said contract. If the injury had resulted in her death at any time prior to the time the 1923 amendment took effect, then clearly appellees herein could not have been beneficiaries; they not being dependent upon her. We think the rights of Artie Graham, and all parties who might claim to be her beneficiaries, were fixed by the terms of the insurance contract that was in effect at the time of her injury. The policy in force at the time she was injured became effective March 2, 1921, and by its terms expired March 2, 1922, and said policy contained the following provision:

"*Texas Compensation Law—Policy No. C—O. 0545235.* The obligations of paragraph 1 (A) of the policy to which this indorsement is attached are the obligations of the company and include such Workmen's Compensation Laws as are herein cited and described and none other, namely, chapter 179, Laws of 1913, as amended by chapter 103, Laws of 1917, state of Texas, and all laws amendatory thereof which may be or become effective *while this policy is in force.*" (Italics ours.)

It will be observed the policy under which Artie Graham and her beneficiaries claimed expired March 2, 1922, and the amendment of the Workmen's Compensation Law of 1923 did not take effect until June, 1923; therefore said last-named act could not be applicable, and could not form any part of the insurance contract under which Artie Graham and her beneficiaries could make claim, and to construe the act of June, 1923, as applicable to the facts of this case and as a part of the insurance contract, contrary to the express provisions of said policy contract, would be to give said act a retroactive construction, increasing the fixed obligations under a contract, in violation of article 1, § 16, of the Constitution of the state of Texas, and would be contrary to article 1, § 9, of the Constitution of the United States. It was not the intention of the Legislature to give said act of June, 1923, such

a construction, as is clearly indicated in section 3b of part 4 of said act, now section 3b of article 8309, Revised Statutes 1925, as follows:

"No inchoate, vested, matured, existing or other rights, remedies, powers, duties or authority, either of any employé or legal beneficiary, or of the board, or of the association, or of any other person shall be in any way affected by any of the amendments herein made to the original law hereby amended, but all such rights, remedies, powers, duties, and authority shall remain and be in force as under the original law just as if the amendments hereby adopted had never been made, and to that end it is hereby declared that said original law is not repealed, but the same is, and shall remain in full force and effect as to all such rights, remedies, powers, duties and authority; and further this law in so far as it adopts the law of which it is an amendment is a continuation thereof, and only in other respects a new enactment."

The amendment of 1917, amending the original Workmen's Compensation Law of 1913, contained a provision of which the section above quoted is a copy (article 5246—87, Revised Statutes 1918 [Vernon's Ann. Civ. St. Supp. 1918]), and our courts in construing the amendment of 1917, in view of said provision, have uniformly held that said amendment was applicable only to injuries sustained after such amendment became effective. Southern Surety Co. v. Lucero (Tex. Civ. App.) 218 S. W. 68; Texas Employers' Ins. Ass'n v. Bryan (Tex. Civ. App.) 198 S. W. 342; Georgia Casualty Co. v. Ward (Tex. Civ. App.) 259 S. W. 1103. Clearly, we think, the amendment of the Workmen's Compensation Law, which became effective in June, 1923, never became a part of the contract in force at the time Artie Graham was injured, and which expired March 2, 1922, and so has no application to this case, but that appellees' rights are to be determined under said law as amended in 1917. We sustain all of appellant's assignments raising the question above discussed.

[2, 3] Under other assignments, appellant contends the trial court did not have jurisdiction of the person of the defendant or the subject-matter of this suit. The record discloses that Artie Graham died January 31, 1924; that Kate Graham, her mother, presented her claim to the board about February 26, 1924; that said board entered its final award on March 27, 1924; that on April 12, 1924, registered notices were sent to the board, to the Thomsen Company, and to appellant, notifying each of said parties that Mrs. Kate Graham would not abide by the award rendered March 27, 1924, and each of said notices was received by said respective parties on April 15, 1924, and this suit was filed by Kate Graham on May 5, 1924. It is disclosed by the record that at the time Kate Graham presented her claim, gave the notice, filed said suit, etc., she and her husband, Jesse Graham, were separated; the husband being in another state. About January 31, 1925, Kate Graham died, and on May 7, 1925, appellees filed their second amended petition in this case. Kate Graham being separated from her husband, and he residing in another state, she had the right to present her claim to the board to file this suit, etc., without being joined by her husband. We think also the notices that she would not abide the decision of the board, given by registered letters, were, in view of the fact said notices were actually received, sufficient compliance with the statutes. Hood v. Texas Employers' Ins. Ass'n (Tex. Civ. App.) 260 S. W. 243, and authorities cited. Appellant filed its original answer in response to Kate Graham's original petition, and also its supplemental answer in reply to the second amended petition by appellees. The trial court had jurisdiction of the person of the defendant and jurisdiction of the cause of action pleaded by Kate Graham, and we overrule these assignments.

[4-6] Under other assignments, appellant contends that Artie Graham did not receive a compensable injury. The record discloses that the Thomsen Company was engaged in the manufacture of shoe polish, which was composed of different chemicals that were mixed in barrels and different kinds of powders added in producing the color desired. While these chemicals were being mixed in the barrels and the powders added to produce the color desired, an employé was required to stand over the barrel being used for the mixture and stir said mixture, and that strong gases and fumes would arise from the barrel in which said chemicals were being mixed and would necessarily be inhaled by the employés doing said mixing and stirring said mixture; that the room in which said work was done was poorly ventilated; that this was the character of work required of Artie Graham; that she was apparently a healthy girl when she began said work; and that during the 2 years she did said work she developed tuberculosis, and had to quit about May 1, 1922, and continued to grow worse until she died January 31, 1924. It is the theory of appellees that the fumes from the liquid—alcoholic polish—passing into the lungs of said Artie Graham caused an irritation of the membranes of the lungs and because of which tuberculosis germs fastened themselves upon the irritated area, resulting in tuberculosis; that this theory of how she became so afflicted is supported by the evidence of one physician, in addition to the circumstantial evidence. Our statute defines "injury" or "personal injury," as used in our Workmen's Compensation Law, as follows:

"The terms 'injury' or 'personal injury' shall be construed to mean damage or harm to the physical structure of the body and such dis-

eases or infection as naturally result therefrom." Subdivision 5, § 1, article 8309. Revised Statutes 1925.

If the fumes incident to the mixture of chemicals in making shoe polish, inhaled by Artie Graham, produced and kept the membranes of her nose, throat, and lungs in an irritated condition, then this was an "injury" to the physical structure of her body, and if, on account of or by reason of said irritated condition, tubercular germs seized upon said injured parts and developed into tuberculosis, then, we think, said disease "naturally resulted from said injury." It is not necessary that said injury should have resulted from an accident. It is not only accidental injuries that are insured against, but any injury sustained by an employé in the course of his employment. And, we think, it is immaterial whether such injury and its resultant disease developed suddenly or at once, or whether it developed gradually, and imperceptibly. So it is immaterial, we think, that the employé is unable to state the date on which such injury is received. Our Workmen's Compensation Law contemplated that all injuries received by an employé in the course of his empoyment, with certain stated exceptions, shall be compensated, whether such injuries be proximately caused by some act or omission on the part of the employer or not, and that in case of the death of the employé from a disease, which disease resulted from said injury as the exciting and efficient cause, his beneficiaries are entitled to compensation, though they be unable to prove that such death was proximately caused by the injury received, as the term "proximate cause" is used in the law of negligence. If the evidence as a whole was sufficient to show that the inhalation by Artie Graham of the fumes above referred to was the exciting cause of tuberculosis which resulted in her death, then it must be held that her death was caused by an "injury" or "personal injury," as those terms are defined by the statute. Travelers' Ins. Co. v. Smith et al. (Tex. Civ. App.) 266 S. W. 574. The courts have been practically unanimous in according to Workmen's Compensation Acts a broad and liberal construction, in order to effectuate their evident intent and purpose. Western Indemnity Co. v. Leonard (Tex. Civ. App.) 231 S. W. 1101; American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949; Lumbermen's Reciprocal Ass'n v. Behnken (Tex. Civ. App.) 226 S. W. 154; Eastern Texas Electric Co. v. Woods (Tex. Civ. App.) 230 S. W. 498; 40 C. J. 40, and cases there cited. So, we think, the injury pleaded by appellees was a compensable injury, and as to whether or not Artie Graham received the injury alleged in the course of her employment, and whether or not said injury, if any, was the exciting cause of tuberculosis, which caused her death, were questions of fact for the jury, and the jury having resolved said issues in favor of appellees, and there being evidence to support such findings, the same are binding upon this court. We overrule these assignments.

Under other assignments, appellant contends, in effect, that this suit cannot be maintained because Artie Graham did not give notice of her injury within the time prescribed by our Workmen's Compensation Law. We doubt if failure on the part of Artie Graham to give the notice required by the statute could in any event defeat the right of her beneficiary after her death, though it is not necessary to and we do not decide this question. The jury found that Artie Graham had a good cause, under all the facts and circumstances of this case, for her failure to give the notice of her injury to the Thomsen Company within 30 days after the happening thereof, and also that she had good cause, under all the circumstances, for her failure to make claim for compensation within 6 months. Artie Graham did give the required notice and presented her claim to the Industrial Accident Board before her death, and said board did entertain and determine her claim. Section 4a, art. 8307, Revised Statutes of 1925, prescribing the time within which the notice and claim shall be made, also provides that said board may waive strict compliance with said limitations, and said board evidently did so waive same, in that they entertained and passed upon her claim, and, this discretion being vested in the board, we doubt if their action in this respect is subject to review. But, if it is, the circumstances of this case, as found by the jury, are sufficient to excuse the delay in giving the notice and filing the claim. Home Life & Accident Co. v. Orchard (Tex. Civ. App.) 227 S. W. 705. Kate Graham, the mother, after the death of Artie Graham, complied strictly with the law in giving the notice of her claim and filing same. We overrule these assignments.

[7] By other assignments, appellant contends the court erred in admitting in evidence certain parts of the deposition of Carrie Graham. Artie Graham died before this suit was filed, and, her depositions not having been taken, her evidence was not available. Her sister, Carrie, had testified by oral deposition that she and Artie were sisters and both worked for the Thomsen Compeny at the same time and did the same character of work, and having so testified to the duties performed by her and the manner of the mixing together of the various ingredients used in the manufacture of the shoe polish, etc., this evidence was properly admitted. We overrule these assignments.

There are several other questions raised by appellant by its assignments duly briefed, but, as they will not likely arise on another trial, it is unnecessary to pass on

same. The errors above pointed out require a reversal of this case, but, as the case was tried upon an erroneous theory as to what statute was applicable to the case, we will not render judgment (Ogg v. Ogg [Tex. Civ. App.] 165 S. W. 914; Scanlon v. Galveston, H. & S. A. R. Co. [Tex. Civ. App.] 86 S. W. 930; Camden Fire Ins. Co. v. Yarbrough [Tex. Com. App.] 215 S. W. 842), but will remand for another trial.

Reversed and remanded.