**FARMERS' LIFE INS. CO. v. WOLTERS et al. . (No. 870–4078.)**

Commission of Appeals of Texas, Section B.
March 7, 1929.

For former opinions, see 263 S. W. 259, and 10 S.W.(2d) 698.

Bryan, Dyess & Colgin, of Houston, and W. W. Searcy, of Brenham, for plaintiff in error.

Wolters, Storey, Blanchard & Battaile, L. A. Adamson, and Green & Boyd, all of Houston, for defendants in error.

SPEER, J. In our original opinion we made no express disposition of intervener Walter Lane's appeal. This had been done in the former opinion of the Commission of Appeals by Judge Chapman (263 S. W. 259), but since the case was thereafter withdrawn from the commission, it is proper that we should indicate our views upon his rights. Intervener claims the land in controversy under a deed from Jonathan Lane executed and delivered to him prior to the execution of the mortgage under which Farmers' Life Insurance Company claims. This deed was not of record, but he relies upon the possession of the land by H. A. Lane, who was holding the same under instructions from Jonathan Lane for the benefit of intervener; the contention being, of course, that possession through his tenant was notice of any rights he enjoyed as to the insurance company. Upon the trial the intervener requested a summary instruction in his favor upon the ground that the undisputed evidence showed that Jonathan Lane had executed and delivered to him the deed to the land in question prior to the inception of the insurance company's rights, and that he had been in actual and continuous possession thereafter. At the same time he requested the submission of fact issues as follows:

"(1) Was the deed from Jonathan Lane to Walter Lane for the land in controversy in this suit executed and delivered to Walter Lane before March 1, 1912?

"(2) For whom was H. A. Lane holding the possession of the land in controversy in this suit?

"(3) For whom was P. L. Lane holding the possession of the land in controversy in this suit?"

The request for the submission of these fact issues was not made dependent upon the refusal of the court to give the requested summary instruction. For aught that appears, they were all requested at the same time, possibly upon the same sheet of paper, for the group of requests appears to provide a single place for the judge's signature and that at the end of the last issue requested. The judge, however, actually indorsed his refusal and signature upon the request for a summary instruction and likewise upon the

request for issues; and the clerk also indorsed his filing in the same way; both bearing the same date. But the request for submission of fact issues precludes the intervener from attacking such submission if it be necessary to resort to such rule to support the action of the trial judge.

The trial court did submit the issue of execution and delivery of the deed in the following language: "Was the deed from Jonathan Lane to Walter Lane for the land in controversy executed and delivered to Walter Lane before March 1, 1912, with the intention on the part of Jonathan Lane to then and there pass and vest unconditional title to said property to Walter Lane?" To this the jury answered, "No." This was the submission of the fact issue of execution and delivery of the deed prior to the inception of the insurance company's rights in somewhat different phraseology from that requested by intervener, but nevertheless in a form not obnoxious to the law. "Delivery," as used in the requested issue, in law, means "delivery with intention to pass title," and as applied to the present case, "to pass and vest unconditional title," for there is nothing in the record to show any other purpose if there was a lawful "delivery." The court having submitted then the fact issue of execution and delivery of the deed and the jury having answered unfavorably to intervener, he is bound thereby until the verdict has in some way been set aside.

It is, of course, obvious that the issue of notice by the possession of H. A. Lane or P. L. Lane became absolutely immaterial if intervener had no rights in the land at the time the insurance company acquired its mortgage. Besides, the issue of notice, in any way, was not submitted to the jury, and no objections were made because of that fact and no request was submitted with respect thereto, and the trial court expressly stated in his judgment that all the issues not submitted to the jury were found in favor of plaintiff. This was pointed out in Judge Chapman's opinion already referred to by us.

We therefore recommend that both motions for rehearing be overruled.