## BANKERS' GUARANTY LIFE CO. v. BARTON.

### No. 970.

Court of Civil Appeals of Texas. Waco.
Dec. 4, 1930.

Rehearing Denied Jan. 15, 1931.

W. J. Rutledge, Jr., of Dallas, for appellant.

Frazier & Averitte, of Hillsboro, for appellee.

BARCUS, J.

On June 24, 1927, appellant issued a life insurance policy on the life of H. J. Barton, payable to his wife, Willie Barton. In February, 1929, H. J. Barton died. Notice and proof of his death were promptly given, and payment was refused, and appellee, as beneficiary named in said policy, filed this suit. The policy of insurance was issued to H. J. Barton on a written application made by him and without any medical examination. Said application stated that he was of sound health and had not consulted a physician for five years next preceding its date, and that he was not suffering from tuberculosis and other diseases not necessary to mention. Appellant alleged it was not liable on said policy because of the false statement contained in said application, in that H. J. Barton at said time was not in sound health, and that he had as a matter of fact consulted a physician in 1925, two years before the date of said application, and was in fact suffering with tuberculosis, from which disease he died.

The cause was tried to a jury, submitted on special issues, and resulted in judgment being rendered for appellee for the face of the policy with interest thereon. Appellant requested the court to give a peremptory instruction. It also requested the court to submit to the jury the issue as to whether H. J. Barton had consulted a physician because of any ailment in five years next preceding the date of the application and whether any statement made by H. J. Barton in his application for the insurance sued on was false. The trial court refused to give the peremptory instruction, but gave the other two special issues as requested, and, in addition, the trial court asked the jury to determine whether H. J. Barton was in good health at the time the application for insurance was made and whether at said time he was afflicted with tuberculosis. In answer to the issues as submitted, the jury found that at the time he made the application for insurance H. J. Barton was in good health and had not consulted a physician because of any ailment during the five years immediately preceding the date thereof, and that H. J. Barton had not made any false statement in his application, and that at said time he was not afflicted with tuberculosis. Based upon the findings of the jury, the court entered judgment for appellee for the face of the policy with the interest thereon. Under several different propositions appellant presents two general propositions: First, that the trial court erred in refusing to give its peremptory instruction; and, second, that there was no evidence to support the findings of the jury to the issues submitted. H. J. Barton was 42 years of age at the time he made the application for insurance. He had been engaged in the banking business for about twenty years. Dr. Campbell testified that he had known him for many years, and had been his family physician; that he had never heard him complain of being sick; and that he appeared to be a healthy man. The evidence tends to show that prior to August, 1927, H. J. Barton had never been sick. In August, 1927, during his vacation, he painted his house and became overheated, and then took a severe cold, which developed into influenza, and, according to Dr. Campbell's testimony, this developed into tuberculosis, from which he died in February, 1929. There was no evidence that H. J. Barton was not in good health prior to August, 1927, except a statement by appellee that some years prior thereto, she did not have any idea when, he had gone to Fort Worth to consult with Dr. Beall because he thought he had appendicitis. Dr. Beall testified that he had no recollection of having examined Barton at said time, and Barton came home from said trip with the statement that he did not have appendicitis and never had an operation therefor and never had another attack thereof, and, until he took influenza in August, 1927, no one heard of his complaining or suspected that he was sick. The evidence abundantly supports the jury's findings that, at the time H. J. Barton applied for the life

1088

insurance in June, 1927, he was in good health and did not have tuberculosis or any other disease, and that he did not make any false statement in said application. It was not error for the trial court to refuse, under the facts in this case, to instruct a verdict for appellee.

█ If we are in error in holding the trial court correctly submitted said issues, appellant is not in a position to complain at said action of the trial court because it requested the trial court to submit said issues. There is nothing in the record to show that appellant's requested special issues subject to its special exceptions were not all presented at one and the same time. The record shows that the motion for an instructed verdict, appellant's special issues requested, the charge of the court, appellant's objection thereto, and the verdict of the jury were all filed on July 24th. Farmers' Life Ins. Co. v. Wolters (Tex. Com. App.) 14 S.W.(2d) 58; Independent Shope Brick Company v. Dugger (Tex. Com. App.) 285 S. W. 599. Almost this identical question was discussed in Farmers' Life Ins. Co. v. Wolters, supra, and Judge Speer, writing for the court, stated:

"The request for the submission of these fact issues was not made dependent upon the refusal of the court to give the requested summary instruction. For aught that appears, they were all requested at the same time, possibly upon the same sheet of paper, for the group of requests appears to provide a single place for the judge's signature and that at the end of the last issue requested. The judge, however, actually indorsed his refusal and signature upon the request for a summary instruction and likewise upon the request for issues, and the clerk also indorsed his filing in the same way; both bearing the same date. But the request for submission of fact issues precludes the intervener from attacking such submission if it be necessary to resort to such rule to support the action of the trial judge."

We have carefully examined all of appellant's propositions, same are overruled, and the judgment of the trial court is affirmed.