**JAMES v. TEXAS EMPLOYERS INS. ASS'N.**

**No. 1587.**

Court of Civil Appeals of Texas. Eastland.

Oct. 16, 1936.

Rehearing Denied Nov. 13, 1936.

Grisham Bros., of Eastland, for appellant.

Scarborough & Ely, of Abilene, for appellee.

GRISSOM, Justice.

The appellant, Raymond James, filed suit against the appellee, Texas Employers Insurance Association, for workmen's

compensation insurance by reason of injuries suffered while working for the MacPherson Construction Company in Pennsylvania on August 11, 1930. The cause was submitted to the jury upon special issues, and the jury found that the plaintiff was totally and permanently disabled as a result of the injuries so received. The appellant had worked for approximately three weeks in Texas for the MacPherson Construction Company prior to the time he began work for the same company in Pennsylvania. The insurance carrier of said company in Texas was the appellee. Its insurance carrier in Pennsylvania was the United States Fidelity & Guaranty Company. Soon after appellant received his injuries, the United States Fidelity & Guaranty Company began paying him $15 per week, and continued such payments until about June 9, 1931, at which time appellant, through his attorneys, made a final settlement with the said Guaranty Company, receiving the sum of $2,100 in full payment and satisfaction of his claim against said company.

In June, 1934, appellant instituted the present suit. On the issue of "good cause" for the failure of appellant to sooner institute suit against the appellee he alleged, among other things, that during all of such time he believed that said Guaranty Company was the company that carried the workmen's compensation insurance covering him as an employee of the construction company. He alleged that the Guaranty Company's payments to him were made by the company also under such mistaken belief. He alleged that he was hired in Texas for the work in Pennsylvania and that the appellee was the insurance company that actually carried the workmen's compensation insurance covering him as an employee of the construction company at the time of said injury. In accord with appropriate pleadings, the court submitted to the jury on the question of good cause the following special issues:

"Do you find from a preponderance of the evidence that at all times from about the date of his injury until June, 1934, the plaintiff believed that the United States Fidelity & Guaranty Company was the company that carried the workmen's compensation insurance covering plaintiff as an employee of MacPherson Construction Company?

"Do you find from a preponderance of the evidence that the lawyers representing the plaintiff when the settlement was made between him and the United States Fidelity & Guaranty Company, stated to plaintiff that said settlement was final and would prevent him from recovering any further compensation on account of his injuries?

"Do you find from a preponderance of the evidence that at all times prior to June, 1934, the plaintiff believed said statement made to him by said lawyers (if they did make such statement)?

"Do you find from a preponderance of the evidence that the facts as you have found them in answers to the foregoing special issues constituted 'good cause' for plaintiff's failure to file his claim for compensation with the Industrial Accident Board of Texas before the time he did file same?"

All of which questions were answered by the jury, "Yes."

Without setting out all the issues submitted to the jury and the jury's answers thereto, it is sufficient to say that if the answers were supported by pleadings and evidence, they were sufficient to authorize a judgment in favor of the appellant against the appellee for total and permanent disability.

The appellee filed its motion for judgment non obstante veredicto, which motion was granted by the court and judgment entered for the appellee.

By numerous assignments of error, appellant contends in substance (1) that when a verdict is returned in answer to special issues, it is the duty of the court to follow such verdict and conform its judgment thereto. The assignments presenting this question are overruled.

Article 2211, as amended by the Acts of the Legislature 1931, c. 77, § 1 (Vernon's Ann.Civ.St. art. 2211), expressly provides that "upon motion and reasonable notice the Court may render judgment non obstante veredicto if a directed verdict would have been proper, and provided further that the court may, upon like motion and notice, disregard any Special Issue Jury Finding that has no support in the evidence." We think it is apparent from the language of the article, as amended, the Legislature intended that if the court, after submitting the cause to the jury upon special issues, concluded that he had erred in not instructing a verdict he might, after the jury had answered the issues submitted, obtain the same result as would have been

obtained by an instructed verdict by rendering a judgment for the party for whom he should have in the first instance instructed a verdict. We understand that the courts have so construed said statute. Waitz v. Uvalde Rock Asphalt Co. (Tex.Civ.App.) 58 S.W.(2d) 884; Spence v. National Life & Acc. Ins. Co. (Tex.Civ.App.) 59 S.W.(2d) 212; Simmonds v. St. Louis, B. & M. Ry. Co. (Tex.Com.App.) 91 S.W.(2d) 332; 25 Tex.Jur. § 114, p. 501.

■ The second contention of the appellant is that a motion must be made to set aside the verdict and favorable action had on the motion, thus disposing of the verdict, before the entry of the judgment. We do not so understand the statute. The only motion that is required is a motion for judgment notwithstanding the verdict. As heretofore stated, the evident purpose of the act was to simplify that procedure by permitting the trial court to disregard the jury finding not supported by the evidence, and to render judgment for the party for whom he should have instructed a verdict in the first instance. Smith v. El Paso & N. E. Ry. Co. (Tex.Civ.App.) 67 S.W.(2d) 362.

■ Appellant's third point presents the proposition that the action of the court in rendering judgment for the appellee notwithstanding a verdict, which verdict on its face authorized a judgment for the appellant, was erroneous, because the issue of good cause was tendered by the pleadings and supported by the proof. Appellant's assignments presenting this contention are sustained. In order for the trial court to have disregarded the jury's findings on the issue of good cause, the trial court must have and evidently did find that there was no evidence supporting the issue of good cause, and must have concluded that as a matter of law good cause was not shown.

■ It has been determined that a claimant under the Workmen's Compensation Act is conclusively presumed to have notice that his employer has made provision for compensation insurance and he cannot plead absence of actual knowledge as good cause for failure to give notice of his claim or bring suit within the time prescribed by statute. Zurich General Acc. & Fidelity Ins. Co. v. Walker (Tex.Com.App.) 35 S.W.(2d) 115; article 8306, § 3c, R.S. 1925. But it has been held by this court that a claimant may plead as good cause for such delay the fact that his employer told him he did not have compensa-

tion insurance. New Amsterdam Cas. Co. v. Chamness (Tex.Civ.App.) 63 S.W.(2d) 1058. We consider it equally sound to say that there is at least no conclusive presumption that the employee knows what insurance company issued the policy protecting him, and he may plead as good cause facts showing he was misled or misinformed and for that reason delayed in presenting his claim against the proper insurance carrier. In this case, shortly after the injury sustained by him, about August 11, 1930, the United States Fidelity & Guaranty Company started making weekly payments of $15 to the appellant, which payments were continued to be made by said guaranty company to appellant first in Pennsylvania and later in Texas until about June 9, 1931, at which time a settlement was had. The jury found that at the time such settlement was made appellant's counsel informed him "that said settlement was final and would prevent him from recovering any further compensation on account of his injuries." The guaranty company having voluntarily started weekly payments, we do not consider it unnatural or unreasonable that appellant believed that the guaranty company was the company that owed him the compensation, regardless of whether it was owed to him as a Texas or Pennsylvania employee of the MacPherson Construction Company. At the time of the settlement the plaintiff, being then informed by his counsel that the settlement was final and would prevent him from recovering any further compensation, and believing such representations to be true, there was no occasion for the appellant to thereafter consider or inquire as to whether some other company owed him compensation. We do not believe that it can be said that reasonable minds could not differ on the proposition of whether a reasonably prudent person under similar circumstances would have acted as the appellant did. If reasonable minds could differ on such a proposition, an instructed verdict would not have been authorized, and if an instructed verdict was not authorized, then a judgment non obstante veredicto was likewise not authorized.

■ But it is contended by the appellee that the appellant has elected to pursue his remedy under the compensation act of the state of Pennsylvania, and is now barred from recovery against the appellee in the state of Texas. Article 8306, § 19, as it existed in 1925, provided, "If an employe who has been hired in this

State sustained injury in the course of his employment he shall be entitled to compensation according to the law of this State, even though such injury was received outside of the State." As amended by Acts of the Legislature at its regular session in 1927, p. 383, c. 259, it provided for such recovery "providing that such injury shall have occurred within one year from the date such injured employee leaves this State; and provided further that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the courts of the state where such injury occurred." The last part of the quoted provision was by amendment in 1931 (Chapter 90, § 1 [Vernon's Ann.Civ.St. art. 8306, § 19, subd. c]) changed to read: " * * * And provided, further, that no recovery can be had by the injured employee hereunder in the event he has elected to pursue his remedy and recovers in the state where such injury occurred." It thus appears that by the amendment of 1927 the employee hired in Texas and injured in a foreign state could not recover if he had elected to pursue his remedy and recovered in the courts of the foreign state. By the amendment of 1931 it was provided that he could not recover if he had pursued his remedy and recovered in the foreign state where the injury occurred regardless of whether action was had in the courts of the foreign state or not. There is no evidence in the record that appellant recovered in the courts of Pennsylvania. The evidence shows that he recovered in Pennsylvania without the necessity of court action. As we construe the statutes and the amendments mentioned, if the statute as amended in 1931 is applicable to the instant case, the record shows that appellant had elected to pursue his remedy and had recovered in the state where the injury occurred. Therefore, if the amendment of 1931 is applicable, appellant has no cause of action, and the last amendment has taken from him a cause of action that existed prior to such amendment. Appellant pleaded that no suit had been brought against the United States Fidelity & Guaranty Company either in Pennsylvania or Texas. We hold that the statute as it existed at the time appellant's cause of action, if any, accrued is applicable and that the amendment of 1931 does not control the case. To hold otherwise would permit the Legislature, by the amendment of 1931, to take away from the appellant a cause of action then existing, which is prohibited by article 1, section 16, of the Constitution of Texas, providing that: "No * * * retroactive law, or any law impairing the obligation of contracts, shall be made." International & G. N. Ry. Co. v. Edmundson (Tex.Com. App.) 222 S.W. 181; Ætna Life Ins. Co. v. Graham (Tex.Civ.App.) 279 S.W. 923; Freeman v. W. B. Walker & Sons (Tex. Com.App.) 212 S.W. 637; Farmers' Life Ins. Co. v. Wolters (Tex.Com.App.) 263 S. W. 259; Frank v. State Bank & Trust Co. (Tex.Com.App.) 263 S.W. 255; Mellinger v. City of Houston, 68 Tex. 37, 3 S.W. 249; McCutcheon v. Smith, 111 Tex. 554, 242 S. W. 454; Avery Co. v. Harrison Co. (Tex. Civ.App.) 254 S.W. 1015; Turbeville v. Gowdy (Tex.Civ.App.) 272 S.W. 559; 12 C.J. § 552, 553, pp. 972, 973; 9 Tex.Jur. § 102, p. 536 et seq.

We are of the opinion that the court erred in not permitting the appellee to prove by appellant on cross-examination that he could supervise the operation of a wrecking plant. This is especially true in view of the fact that the testimony of the doctors stressed his inability, in their opinion, to do certain kinds of manual labor. As illustrative of such testimony is the expressed opinion of Dr. Lovett that appellant "is totally disabled for tractor work, pipe line work and work that requires physical endurance." The jury had the right to consider such evidence in connection with the issues on total and partial incapacity, and it might have served the purpose, in the mind of the jury, of swaying the balance of the scales from total to partial incapacity.

We have concluded that the evidence is sufficient to sustain the jury finding that appellant was employed in Texas for the work in Pennsylvania.

All assignments not discussed are overruled.

For the errors discussed, the judgment of the trial court is reversed and the cause remanded.