E. BOON v. WILLIAM CHAMBERLAIN.

No. 3067.

1.   **Stale Demand—Specific Performance.**—Chamberlain v. Boon, 74 Texas, 659, adhered to.    Article 3209, Revised Statutes, "any action for the specific performance of a contract to convey real estate shall be commenced within ten years next after the cause of action shall have accrued," should be construed in accordance with the manifest intent from its language.

2.   **Statutes of Limitation.** — There is no constitutional impediment in the way of holding that the time which had already passed when the Revised Statutes went into effect may be taken into the computation in determining the question of limitation.

3.   **Contract to Convey Real Estate.**—A contract between two or more persons for the joint acquisition of real estate, the title to be taken in name of one and he to convey to the other or others his or their share, is a contract to convey real estate within the statute.

4.   **Case in Judgment.**— Plaintiff was entitled to demand title to the land sued for three years before September 1, 1879, when the Revised Statutes went into force. Over seven years elapsed after that date before suit was brought for specific performance.    *Held*, the action was barred by the statute of limitations.    In such case limitation would run from the date the defendant acquired the title.    The mere failure to make title as his contract required would put into operation the statute.


APPEAL from Tarrant.    Tried below before Hon. R. E. BECKHAM. This is a second appeal.  The facts are stated in 74 Texas, 663, et seq.


*Hunter, Stewart & Dunklin,* for appellant. —The instrument of date 18th September, 1860, executed by J. M. Clark and delivered to Boon, is, in its legal effect, an obligation on the part of J. M. Clark to convey by proper deeds of conveyance the legal title to the interest in the lands therein mentioned to E. Boon, whenever Boon should demand it, after Clark should obtain the legal title himself.    In legal effect it acknowledges payment of the purchase price in full, and admits, at the date of its execution, that the obligor is due to the obligee the lands therein mentioned, clear of all conditions and incumbrances.  It shows upon its face that Boon has already fully performed his part of the contract entitling him to the lands, and it only remains for Clark to perform his part by conveying the legal title to Boon.    In such cases the obligee is invested, by the delivery of the instrument, with the real or

paramount title, and the obligor, as soon as he is invested with title, holds the legal title in trust for the obligee; and no limitation, either in law or equity, will run against such obligee for his locative interest until the obligor has openly disavowed or repudiated such trust, or has done some overt act clearly indicative of his intention to claim and hold the land adversely to the cestui que trust. Rucker v. Dailey, 66 Texas, 286; Doss v. Slaughter, 53 Texas, 237; Ross v. Armstrong, 25 Texas Supp., 366; Reed v. West, 47 Texas, 240; Gibbons v. Bell, 45 Texas, 417; Smock v. Tandy, 28 Texas, 132; Early v. Sterrett, 18 Texas, 116; Gainer v. Cotton, 49 Texas, 120; Bell v. Warren, 39 Texas, 106; Holman v. Criswell, 15 Texas, 395; Shepard v. Cummings, 44 Texas, 505; Posey's U. C., 661, 664; Robertson v. Du Bose, 76 Texas, 10; Chamberlin v. Boon, 74 Texas, 663; Rev. Stats., arts. 3209, 3226.

*Hyde Jennings* and *Harris & Harris*, for appellee.—The former decision of this court as set forth in 74 Texas, 659, is res adjudicata as to the matters now presented by appellant. If there were any question as to the correctness of the Supreme Court's former decision, it would not reform the same at this late date. But there is no question as to the correctness of that former decision. That decision was and is eminently correct in holding and deciding that the excuses then alleged and proved by appellant to excuse his delay in suing were utterly insufficient, and in holding that the plea of stale demand ought to have been sustained. As it is said in Meyer v. Andrews, 70 Texas, 327, whether the case was determined under the statute (Rev. Stats., art. 3209) or the law as it was before that time, the cause of action was barred at the time the suit was brought. Chamberlin v. Boon, 74 Texas, 659.

GAINES, ASSOCIATE JUSTICE.—This case was before this court at a former term upon an appeal by the present appellee, who was defendant in the court below, and is reported in 74 Texas, 663. It is now presented upon precisely the same state of facts. Upon the last trial, however, the plaintiff withdrew his supplemental petition, in which he sought to excuse his delay in bringing the suit. The very full statement of the case in the former opinion renders any additional statement here unnecessary.

We do not deem it requisite to consider all the questions presented in appellant's brief. The determination of one will dispose of the case. As we construe the former opinion, it was held that the plaintiff's action was barred by the statute of limitations of ten years. It is true that it is there intimated that the plea of stale demand was also applicable to the suit. The counsel for appellant now controvert both propositions, and support their contention by an able and exhaustive

brief and argument. But should it be conceded that Clark held the half-interest in the land in trust for the benefit of appellant, and that the trust was direct—that is to say, one directly created by the contract between the parties—and that therefore the demand did not begin to grow stale until there was some act on part of the trustee repudiating that relation, still we are of opinion that the statute of limitations was a bar to the suit, and that therefore the judgment should be affirmed.

The suit was brought on the 6th day of January, 1887. The Revised Statutes which went into effect September 1, 1879, contained this provision: "Any action for the specific performance of a contract to convey real estate shall be commenced within ten years next after the cause of action shall have accrued, and not afterward." Art. 3209. The application of the statute to the facts of the case presents several questions. Was the contract between Clark and appellant a contract for the conveyance of real estate? We think it was. It is true that it was a contract for the joint acquisition of lands, and not a contract for the sale of lands. It is none the less true that by its terms Clark impliedly bound himself to convey to appellant a half-interest in the land as soon as he acquired the legal title. This suit seeks to enforce that contract—that is to say, to have it specifically performed.

But in this case ten years had not elapsed from the time the statute went into effect until the suit was brought. If such time had elapsed, in our opinion the suit was clearly barred. Was it intended that in a case like the present the period which had elapsed from the accrual of the cause of action until the statute took effect should be added to the time which should elapse after that event, so as to complete the bar? It is to be remarked that the statutes of limitation affect the remedy only, and that they may be changed with reference to existing contracts without violating any provision of the Constitution, provided they do not attempt to revive an action already barred, or to take away wholly an existing remedy. The Legislature may shorten the period as to causes of action already existing, provided a reasonable time be allowed in which to sue. This is too well settled to require citation of authority. There is, then, no constitutional impediment in the way of holding that the time which had already passed when the statute went into effect may be taken into the computation in determining the question of limitation. More than seven years had elapsed after the statute became a law before this suit was brought. Therefore we are not embarrassed by the question whether the plaintiff had after that date a reasonable time within which to bring suit. The difficulty of determining what may be a reasonable time is quite apparent, but the question does not arise in this case.

We may proceed, then, to the inquiry, What did the Legislature intend by the law under consideration? We think the question is

answered by the literal terms of the statute itself. It does not say that as to existing causes of action for specific performance suit may be brought within ten years from the time the statute should take effect; but the declaration is broad, that in all such suits the suit must be brought within ten years from the time of the accrual of the cause of action. Just here, however, the Constitution steps in and limits the operation of the law, so that we must interpret it as if it contained a proviso that as to all existing causes of action a reasonable time should be allowed after the statute should take effect. That cases in which the right of action had already accrued were intended to be affected by the statutes of limitation incorporated into the Revised Statutes is shown by article 3226, which reads as follows:

"No one of the provisions of this title shall be so construed as to revive any claim which is barred by pre-existing law; and all claims against which limitation under said laws has commenced to run shall be barred by the lapse of time which would have barred them had those laws continued in force; provided the said time be shorter than that by which they would have been barred by the other articles of this title."

This article in effect provides that in cases in which limitation had commenced to run, and in which the Revised Statutes prescribed a shorter period than was prescribed by the former law, the defendant was to have the benefit of the new enactment. It is consistent with the construction that where a law of limitation was created by the Revised Statutes and none existed before, it was intended that the time which had already elapsed when the statute took effect should be added to that which should subsequently elapse in computing the period of the statutory bar.

The last question which suggests itself in this case is, When did the cause of action accrue? Did it arise as soon as Clark acquired the legal title, or not until there was some act repudiating the trust? In suits for specific performance of contracts to convey land, the cause of action accrues upon the happening of the condition upon which the vendor binds himself to make the title. Glasscock v. Nelson, 26 Texas, 150. And so in case of a contract for the joint acquisition of land, in which it is contemplated that one party shall acquire the title and convey an interest to the other, we see no reason why the latter may not sue as soon as the title is acquired. It may be that by reason of the trust existing between the parties equity would not hold the plaintiff guilty of laches until the defendant had done some act which showed that he no longer recognized the trust; yet the defendant binds himself to make the title to the plaintiff for his interest in the land as soon as he acquires title himself, and we are of opinion that upon a mere failure to do so a cause of action arises.

Adding the period which at the date the act took effect had elapsed from the accrual of the cause of action to that which had subsequently elapsed when the suit was brought, the bar to the action in this case was complete, and the court below did not err in so holding.

The judgment is affirmed.

*Affirmed.*

Delivered December 11, 1891.