**FRANK v. STATE BANK & TRUST CO.**
**(No. 869–3742.)**

Commission of Appeals of Texas, Section B.
Nov. 21, 1928.

Don A. Bliss, of San Antonio, and Maco Stewart, of Galveston, for plaintiff in error.

Kampmann, Burney & Browne and Hal Browne, all of San Antonio, for defendant in error.

SHORT, P. J. This suit was filed in one of the district courts of Bexar county August 19, 1920, by the plaintiff in error against the defendant in error and one D. B. Chapin, alleging, in substance, that on July 22, 1916, the defendant Chapin executed his promissory note for $3,000, due three years after date, and at the same time executed and delivered a deed of trust conveying to George P. Brown as trustee, and to his successor or substitute in the trust, certain lands situated in Hidalgo county, Tex., with power of sale, and also alleging ownership of the note and nonpayment of same, as well as alleging that the defendant in error was claiming some interest in the lands conveyed.

The defendant in error, in addition to a general demurrer and general denial, specially answered that about the 2d day of May, 1911, its codefendant Chapin executed his deed of trust conveying the property described in plaintiff's petition to W. W. Collier, trustee, the purpose of said conveyance being to secure the defendant in error in a certain sum of money borrowed by Chapin from it, amounting to $20,000, evidenced by four notes due on or before one year after date, and providing that, if the notes were not paid at maturity, then the trustee was authorized, and it was made his special duty, at the request of the defendant in error made at any time after maturity of the note, to sell the real estate to the highest bidder for cash at public outcry in front of the courthouse door in Hidalgo county on the first Tuesday in any month, between legal hours of sale, after giving notice, and to make the purchaser a good and sufficient deed, and that on the 1st day of January, 1919, a part of the notes being unpaid and payment having been refused, the defendant in error requested the trustee to proceed to execute the trust, which he did by selling the land after giving due notice, at which sale, shown to be in all respects regular, the defendant in error became the purchaser and received from said trustee a conveyance of the lands, which deed of trust as well as the deed of conveyance were duly recorded, and alleging that its title to the land is superior to any claim of the plaintiff in error or of its codefendant Chapin, by reason of which it prayed that the plaintiff in error be denied any foreclosure of the lien alleged to be in existence on the land, and that the trust deed alleged in the plaintiff's petition be canceled and removed as a cloud from its title, and that defendant in error recover from Chapin and the plaintiff in error all title to

and possession of the property described in said petition.

Upon a trial of the case, the plaintiff in error recovered in accordance with the prayer of his petition, and it was adjudged that the defendant in error take nothing on its cross-action and plea for removal of cloud from title. From this judgment the defendant in error appealed to the Court of Civil Appeals at San Antonio, and that court upon a hearing of the case reversed the judgment of the district court and rendered a judgment in favor of the defendant in error upon its cross-action and plea for removal of cloud from the title to the land (Chapin v. Frank [Tex. Civ. App.] 236 S. W. 1006), holding article 5693, Vernon's Sayles' Statutes, passed at the regular session of the Legislature in 1913, now article 5523 of the Revised Civil Statutes of 1925, which provides that no power of sale conferred by any deed of trust, executed either before or after the enactment of the law, should be foreclosed after the expiration of four years from the maturity of the indebtedness secured thereby, to be unconstitutional and therefore void, citing section 10, art. 1, of the Federal Constitution, and section 19, art. 1, of the state Constitution, as well as section 16 of the Bill of Rights of the state. The section of the Federal Constitution prohibits any state from passing any ex post facto law, or law impairing the obligation of contracts, while section 19, art. 1, of the state Constitution, provides that no citizen of the state shall be deprived of life, liberty, property, privileges, or immunities except by the due course of the law of the land, and section 16 of the Bill of Rights provides that no ex post facto or retroactive law, or any law impairing the obligation of contracts, shall be made. The Court of Civil Appeals in its opinion concluded that, if the provisions of this article (5523) should be enforced, it would have the effect of impairing the obligation of the contract made between Chapin and defendant in error.

The plaintiff in error having secured from the Supreme Court a writ of error, and the case having been referred to Section A, an opinion was written by that Section of the Commission and adopted by the Supreme Court, affirming the judgment rendered by the Court of Civil Appeals (Tex. Com. App.) 263 S. W. 255. But a motion for rehearing having been filed, the same was granted, and the case withdrawn from Section A and afterwards referred to this Section of the Commission, where, after oral argument had been again heard, we have very carefully considered the sole question presented by the record anew, on account of its importance to the jurisprudence of the state as well as on account of its general public interest, and have reached the conclusion that the article mentioned, in so far as it affects the question involved in this case, is constitutional, and therefore that the judgment of the Court of Civil Appeals should be reversed and that of the district court affirmed.

This particular question is involved in the case of Farmers' Life Insurance Co. v. J. F. Wolters, Executor, et. al., 10 S.W.(2d) 698, which was also submitted to this Section of the Commission, and after a most careful investigation of the authorities cited by the parties, we have reached the conclusion that the act of 1913, in so far as it relates to the question involved, is constitutional, and, in an opinion written by Justice Speer, have discussed the legal principles involved at some length. On account of having done this in that case, we shall only briefly discuss the question in this case.

In the case of Goldfrank, Frank & Co. v. Young, 64 Tex. 436, in an opinion rendered by Mr. Justice Stayton, the Supreme Court of this state, among other things, says:

"In reference to the operation of the statutes of limitation in any matter, in which the recovery of money is sought, the statute itself limits it to 'actions or suits in courts' * * * and it provides within which time 'actions or suits' in the different classes of cases may be brought, but it does not attempt to determine within what period any one must enforce a right which the debtor has placed it in the power of the creditor to enforce otherwise than by an 'action or suit in court.'

"That the legislature might fix a period within which steps must be taken to enforce rights otherwise than through the courts, when such right and power have been given, by contract, by one person to another, as it may prescribe a period within which actions or suits must be brought in courts, there is no doubt; but the declaration that persons must institute 'suits or actions in courts' within a fixed period to enforce their claims, which can be enforced only in that manner, is not equivalent to declaring that a creditor who has been given, by contract, a right and means by which he may enforce his claim otherwise than through the courts, shall not enforce it after the time at which he might institute an action or suit, without subjecting himself to the bar which could be urged by a plea of limitation."

In discussing article 3209 of the Revised Statutes of 1879, which contained this provision, "Any action for the specific performance of a contract for the conveyance of real estate shall be commenced within ten years next after the cause of action shall have accrued, and not afterwards," Justice Gaines, speaking for the Supreme Court in Boon v. Chamberlain, 82 Tex. 480, 18 S. W. 655, says:

"It is to be remarked that the statutes of limitation affect the remedy only, and that they may be changed with reference to existing contracts, without violating any provision of the Constitution, provided they do not attempt to revive an action already barred, or to take away wholly an existing remedy. The Legislature may shorten the period as to causes of action already existing, provided a reasonable time be allowed in which to sue."

In that case the instrument of writing had been executed in 1860, reciting that there was due to Boon an interest in certain land. At the time of the execution of the instrument, there was no statute' of limitations in Texas bearing on the remedy of the plaintiff. Thereafter the statute of 1879 was adopted which has been quoted. The cause of action accrued in 1872, and seven years had elapsed between the date of the accrual of the cause of action and the passage of the act of 1879 affecting it. Under the terms of the act the court held that a reasonable time remained, being three years, and that the seven years that had elapsed prior to the adoption of the statute would be counted against the period, and held that the action became barred within three years after the passage of the act of 1879. It will be noted that in the case of Goldfrank, Frank & Co. v. Young, 64 Tex. 436, Judge Stayton says:

"That the Legislature might fix a period within which steps must be taken to enforce rights otherwise than through the courts, when such right and power have been given, by contract, by one person to another, as it may prescribe a period within which actions or suits must be brought in courts, there is no doubt."

It is thus seen that in the Goldfrank Case the Supreme Court bases its decision solely upon the proposition that the statute by its express terms was applicable only to actions in the courthouse, and had no relation to remedies to be enforced outside of it. The opinion, however, clearly explains that it is within the power of the Legislature to affect the rights and remedies to be enforced outside of the courthouse by the statute of limitations, but that there was no Texas statute that undertook to do anything more than affect suits at law, and in terms it also said that limitation legislation affecting rights and remedies outside of the courthouse where clear statutes of limitations are passed is not unconstitutional.

In Gunn v. Barry, 15 Wall. 610, 21 L. Ed. 212, the Supreme Court of the United States, in discussing a similar question, says:

"The legal remedies for the enforcement of a contract, which belong to it at the time and place where it is made, are a part of its obligation. A State may change them, provided the change involve no impairment of a substantial right."

And again the same court in Vance v. Vance, 108 U. S. 514, 2 S. Ct. 854, 27 L. Ed. 808, says:

"The right of the State to prescribe the time within which existing rights shall be prosecuted, and the means by and conditions on which they may be continued in force, is, we think, undoubted. Otherwise, where no term of prescription exists at the inception of a contract, it would continue in perpetuity, and all laws fixing a limitation upon it would be abortive. Now, it is elementary that the State may establish, alter, lengthen, or shorten the period of prescription of existing rights, provided that a reasonable time be given in future for complying with the statute."

In 6 Ruling Case Law, p. 367, § 362, the law on this subject is thus stated:

"An existing law of limitations is not considered as being a part of the contract, and, hence, the Legislature may enact a statute limiting the time within which actions may be brought to enforce demands where there was before no period of limitations, or it may shorten the existing time of limitations, and such a law may operate upon existing contracts without necessarily being invalid as impairing the obligation." Aycock v. Martin, 37 Ga. 124, 92 Am. Dec. 56; Rockwell v. Hubbell's Adm'rs, 2 Doug. (Mich.) 197, 45 Am. Dec. 246; Morse v. Goold, 11 N. Y. 281, 62 Am. Dec. 103, and note; [Von] Baumbach v. Bade, 9 Wis. 559, 76 Am. Dec. 283, and note.

In the case of Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447, the Supreme Court, speaking through Chief Justice Cureton, held that the Legislature by subsequent act had the constitutional power to shorten the period of limitations by section 2 of the Act of 1905 (Laws 1905, c. 138) as to contracts already in existence at the time that act went into effect, and that this did not impair the obligation of contracts. In that case this act of the Legislature was discussed at great length, and, while the particular section of the act of 1913 applicable to that case was held to be unconstitutional, the remaining portions of the act were inferentially held to be constitutional. Previous to the act of 1905 there was no statute of limitation that fixed a period of time within which the vendor who had reserved an express lien in his deed to his vendee securing the payment of the balance of the purchase money of the land must enforce his superior title, either by rescission out of court or by court proceedings. Section 1 of the Act of 1905 fixed the period of ten years as the time within which the power of sale must be exercised, and section 2 of the act fixed a period of ten years as the time within which the vendor had to assert a superior title. We think that that is the very question presented in the case at bar, and that in Cathey v. Weaver the Supreme Court has settled the question in accordance with the views herein expressed as to the act of the Legislature in 1913, shortening the period of limitation within which a lien on the land had to be enforced by the exercise of power of sale. If we are correct in this conclusion, then Cathey v. Weaver is sufficient authority upon which to base the decision in this case. McCutcheon v. Smith (Tex. Civ. App.) 194 S. W. 831; Turner v. Gregory (Tex. Civ. App.) 203 S. W. 165; Adams v. Harris (Tex. Civ. App.) 190 S. W. 245; Hoya v. Self (Tex. Com. App.) 245 S. W. 424; Graves v. Howard, 159 N. C. 594, 75 S. E. 998.

However, whether the opinion in Cathey v.

Weaver is decisive of this question, we think, for the reasons heretofore stated, as well as those given in Farmers' Life Insurance Co. v. J. F. Wolters et al., supra, wherein Justice Speer, of this Section of the Commission, has discussed the question, that this statute is not violative of either of the provisions of the Federal or state Constitution in the particulars mentioned in the opinion of the Court of Civil Appeals, as well as in the opinion written by Section A of the Commission of Appeals. It is true that in Farmers' Life Insurance Co. v. Wolters, supra, that the decision of the case turned upon another phase of the statute under discussion, which is not involved in this case, in that the maker of the note involved in that case had made an agreement with the payee and then holder of the note, to extend the time of payment to a date, plus four years, beyond the date of sale, and it was held, under such situation, that the sale of the land by the trustee was valid.

No such situation is presented here, in consequence of which we recommend that the judgment of the Court of Civil Appeals be reversed and that of the district court affirmed.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and that of the district court affirmed, as recommended by the Commission of Appeals.