**WILLIAMS v. REED et al.**

No. 11121.

Court of Civil Appeals of Texas.
San Antonio.

March 4, 1942.

Guy R. Holcomb, of Austin, for appellant.

L. W. Graves, Jr., and Taliaferro, Graves & Hutcheson, all of Houston, and Perkins & Floyd, of Alice, for appellees.

SMITH, Chief Justice.

The appeal is from an order dismissing appellant's suit following his refusal to amend his petition, which had been stricken on demurrer. Appellant had sued as assignee of R. G. Mallory, but for convenience he will be referred to herein as the original owner of the rights asserted.

The suit was primarily an action in trespass to try title, but after setting out the conventional allegations prescribed by statute for such action appellant went further and specially pleaded his title by attempting to allege that he was entitled to an oil and gas lease from the State upon the land described; that said land was vacant unsurveyed public school land belonging to the State; that he had made application to the Commissioner of the General Land Office for such lease in the manner prescribed by existing statute, but the Commissioner had rejected the application upon the stated ground endorsed on the rejected application, that the land sought to be leased was not vacant public school land.

Appellant did not attempt to implead the State, which he asserted was the owner of the land, or the Land Commissioner, who alone had the authority to make the lease applied for, and had rejected the application therefor. Appellant appears to have impleaded only D. C. Reed and associates, whose relation to the controversy was not disclosed in the petition, but inferentially in possession of the surface of the land, and Texas Gulf Producing Company, inferentially holding an oil and gas lease from Reed and associates.

It appears from appellant's petition that he applied for the lease under the provisions of Art. 5421c, § 8, as amended by the Acts 1933, Vernon's Ann.Civ.St. art. 5421c, § 8, from which we quote the pertinent part:

"Any person who discovers an unsurveyed area of school land which has not been listed on the records of the Land Office as school land, and is not in actual conflict on the ground with land previous-

ly sold or appropriated and which appears on the official Land Office map as unsurveyed land, may apply in writing to the county surveyor and have the same surveyed, and after the field notes thereof have been returned to the Land Office and approved and filed with the Land Commissioner, shall have a preference right for sixty (60) days thereafter to purchase a mineral lease thereon at the minimum price fixed by the Land Commissioner, in addition to the other consideration provided herein."

Apparently the trial judge sustained the demurrer to appellant's petition on the theory that the cause of action there asserted was barred by these provisions of the Act of 1939, Art. 5421c, Vernon's Civ. Stats.:

"Sec. 6. * * *

"(i) Any application made under prior laws to purchase or lease unsurveyed school land which is on file in the office of the Commissioner or with any county surveyor and which has not been granted upon the effective date of this Act, shall become null, void, and of no further effect unless there is then pending a suit, or suits, involving the question of whether the land so affected or a part thereof is vacant, or unless the Commissioner shall within nine (9) months after the effective date hereof grant said application, or unless the applicant shall within sixty (60) days after the end of such nine-months period, file an action in the District Court, for the purpose of litigating the question of the existence of a vacant unsurveyed area."

That Act became effective June 22, 1939. Appellant instituted this suit on April 19, 1941, nearly two years after the effective date of the Act. Appellant's application to lease the land and the rejection thereof by the Land Commissioner occurred in 1938, and appellant took no further steps towards securing the lease, or his rights thereunder, if any, until he filed this suit. Clearly the action was barred by the quoted provisions of Art. 5421c, § 6 (i).

■ Now, appellant's only complaint, and the sole basis of his appeal, is that that provision of limitation is unconstitutional in that if given effect it would take away from him a vested right, to-wit, an existing right to lease the land in question from the State. We overrule this contention. The questioned Act is clearly one of limitation upon the time within which one claiming an unadjudicated right could have his claim litigated by our courts.

Appellant does not contend that the time allowed in the statute for filing suit to establish his claim of title was not reasonable, nor does he allege any reason for delaying his suit until after the lapse of the prescribed period. He contends, simply and only, that the Act is unconstitutional on its face for the reason, he asserts, that it has the effect, if enforced, of completely destroying a legal right which had fully vested in him at the time of the enactment; and, further, that it impairs the right of contract, in contravention of both federal and state constitutions.

We can discover no merit in appellant's contentions. It is obvious that the statute is essentially one of limitation, and appellant does not contend it is not. 37 C.J. 684.

■ It is settled law that a statute of limitation, such as this, which applies by its terms to the enforcement of rights already accrued, does not offend against the constitutional prohibition against passage of retroactive laws, or laws impairing the obligation of contracts, because it does not operate upon vested rights, but only upon the remedy for enforcing those rights. It follows, then, that the Legislature may establish, or shorten, the period in which suits may be brought upon existing causes of action, provided a reasonable time is allowed after the enactment in which such suits may be commenced. 16 C.J.S., Constitutional Law, p. 846, § 394; 28 Tex.Jur. 81, § 7; De Cordova v. City of Galveston, 4 Tex. 470; Boon v. Chamberlain, 82 Tex. 480, 18 S.W. 655; Bunn v. City of Laredo, Tex.Civ.App., 208 S.W. 675; Id., Tex.Com.App., 245 S.W. 426; Farmers' Life Ins. Co. v. Wolters, Tex.Com.App., 10 S.W.2d 698; Id., Tex.Com.App., 14 S.W. 2d 58.

Appellant does not contend that the limitation statute here enforced worked any hardship upon him or that it did not afford him a reasonable time after his claim arose, in which to institute an action to establish and enforce it. He alleged facts showing the prescribed period was not an unreasonable one. The statute allows any applicant for lease of vacant lands, whose application had been made at the effective date of the Act, nine months for the Land Commissioner to act upon the application, and sixty days after the expiration of the nine

**318**

months' period in which to commence suit to establish and enforce his claim. It cannot be said that the time prescribed was unreasonably short, or that the Legislature exceeded its powers in prescribing that period. That being so, the Act contravened no constitutional prohibition, and appellant's only point must be overruled.

The general demurrer was properly sustained for other equally obvious reasons, but it is not necessary to discuss those reasons. Nor is it deemed necessary to discuss other questions propounded by appellees.

It may be said, generally, that a petition in an action in trespass to try title, if containing the allegations prescribed by the statute, is impervious to a general demurrer, and that would be true here but for allegations in appellant's special plea of title which negatives his right to recover under his general allegations. Among such he alleges that the title to the land he sought to lease is wholly in the State; that he had no lease thereon from the Land Commissioner, or any contract for such lease; or that he had paid or tendered any consideration for such lease; that the then status of the matter was that the Land Commissioner had declared, in the manner provided by law, that the land sought to be leased was not in fact vacant, and for that reason appellant's application for lease was rejected by the Commissioner. Incidentally, appellant did not make the State or its Land Commissioner a party to his suit for any purpose.

The judgment is affirmed.