

# THE ATTORNEY GENERAL
# OF TEXAS

Grover Sellers
XXXXXXXXXXXXXXXX
JOHN BEN SHEPPERD
ATTORNEY GENERAL

AUSTIN 11, TEXAS

Honorable O. P. Lockhart, Chairman
Board of Insurance Commissioners
Austin, Texas

Dear Sir:

Opinion No. 0-5913
Re: Whether the Vice-President of
the American National Insurance
Company is entitled to continue
to draw his renewal commissions
on the business he wrote prior to
December 31, 1943, when he was a
branch manager, in view of Article
4745, Vernon's Annotated Civil
Statutes.

Your letter of March 4, 1944, requesting the opinion of this department on the question stated therein, reads, in part, as follows:

" * * * At this time I have this question to decide: The American National Insurance Company of Galveston, Texas, had an agent employed by them as a Branch Manager in Salt Lake City, Utah. This man was paid a salary and also received commissions and renewal commissions.

"On January 1, 1944, he was called into the home office and made a Vice President because of the outstanding work he had done as a Branch Manager and the Management of the company as a reward promoted him to the status of a full Vice President. The question we wish you to answer is this: Is this man entitled to continue to draw his renewal commissions on the business that he wrote prior to December 31, 1943 under his agent's contract and before that either he or the company had thought he would become an executive officer of the company?"

Article 4745, Vernon's Annotated Civil Statutes, provides, in part:

"No life insurance company transacting business in this State shall pay, or contract to pay, directly or indirectly, to its * * * vice-president, * * * any commission or other compensation contingent upon the writing or procuring of any policy of insurance in such company, or procuring an application therefor by any person whomsoever,

or contingent upon the payment of any renewal premium, or upon the assumption of any life insurance risk by such company. Should any company violate any provision of this article, it shall be the duty of the Commissioner of Insurance to revoke its certificate of authority to transact business in this State."

We have failed to find any case by our appellate courts where the foregoing statute has been interpreted or construed.

We do not have before us the contract between the man in question and the insurance company. However, for the purposes of this opinion, we assume that such contract was the general contract ordinarily executed by life insurance companies and their respective agents.

Generally speaking, the utmost freedom to enter into any contract, permitted by existing law, is the inherent right of every citizen, and when he exercises that right in a lawful way, no Legislature has the power to disturb the purpose or effect, or in any manner re-write any of the provisions of that contract, or make a new contract for him, and the right to comply with and enforce its provisions as written is fixed and vested. The degree in which the offending statute may impair the obligation of contract is immaterial. The only question is: has the obligation been encroached upon in any respect? (See Chappin v. Frank, (Civ.App.) 236 S.W. 1006, 1011, reversed, Frank v. State Bank & Trust Company, (Com.App.) 10 S.W. (2d) 704)

In view of the foregoing, it is our opinion that the man in question is entitled to continue to draw his renewal commissions on business which he wrote prior to December 31, 1943, under his agent's contract, although he is now Vice-president of his company. In view of Article 4745, supra, it is our further opinion that the Vice-president would not be entitled to any commissions or other compensation contingent upon the writing or procuring of any policy of insurance in such company or procuring an application therefor by any person whomsoever or contingent upon the payment of any renewal premium, or upon the assumption of any life insurance risk by such company after December 31, 1943. Stated another way, the Vice-president would not be entitled to any commission on the payment of any renewal premium, etc., on any business of the company after he became vice-president, except such commissions as he was entitled to under his contract on business that he wrote prior to December 31, 1943.

APPROVED 3-14-44
/s/ Geo. Blackburn
Acting Attorney General
of Texas

Yours very truly

ATTORNEY GENERAL OF TEXAS

By /s/ Ardell Williams
           Ardell Williams
           Assistant

AW:EP/cm
Approved Opinion Committee
By /s/ BWB
   Chairman