

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Joe Fultz
County Attorney
Grimes County
Anderson, Texas

Dear Sir:

Opinion No. 0-5832
Re: Required length of time
to publish a citation by
publication to non-resi-
dent persons who are in-
terested in an estate
sought to be partitioned
and distributed under the
provisions of Chapter 24,
Title 54, V.A.C.S.?

You submit the following question for our consider-
ation:

"What is the proper length of time to publish
a citation by publication to non-resident persons
who are interested in an estate sought to be par-
titioned and distributed under the provisions of
Chapter 24, Title 54, Vernon's Annotated Civil
Statutes?"

Art. 3310a, V.A.C.S., (Acts 1929, 41st Leg., 1st C.S.,
p. 107, ch. 48, Sec. 1; Acts 1931, 42nd Leg., p. 210, ch. 123)
provides:

"All citations and notices issued out of the
County Court in probate matters shall be return-
able to the Court from which issued on the first
Monday after the service is perfected. All such
notices and citations now required to be posted
shall be posted at the Court House door for not
less than ten (10) days before the return day
thereof. All such notices and citations now re-
quired to be published shall be published once

Honorable Joe Fultz, Page 2

and said publication shall be not less than ten (10) days before the return day thereof. All such notices and citations now required to be served personally shall be served at least ten (10) days before the return day thereof. The time of return of the notice for citation shall be fixed by the Clerk in Accordance with the provisions of this Act.

"Sec. 2. All laws requiring service of citations, notices, orders, or other proceedings in probate matters for a period of time and in a manner different from that herein provided, and in conflict with this Act, are hereby expressly repealed insofar as they conflict with this Act, it being the purpose of this Act to require only ten (10) days service, exclusive of the day of service, whether such service is personal, by posting or by publication. Any Probate Statute now in force and not hereby repealed by other provisions of this Act, using the expression 'at the next term of Court,' or 'next regular term,' or 'during term time,' or other similar expressions shall be so construed as to conform to this Act, and are hereby amended and modified as to accomplish the purposes set out in this Act."

The above quoted Art. 3310a, as enacted in 1929 and amended in 1931, expressly repeals all laws requiring service of citations, notices, orders, or other proceedings in probate matters for a period of time and in a manner different from that therein provided.

Art. 3600, Ch. 24, Title 54, V.A.C.S. (Acts 1876, p. 120; G.L. vol. 8, p. 956), reads as follows:

"Such citation shall be personally served by leaving a copy thereof with each person residing in the State entitled to a share of the estate, who is known; and, if there be any who are not known, or who are not residents of this

Honorable Joe Fultz, Page 3

State, such citation shall be published for at
least four successive weeks in some newspaper
printed in the county, if there be one, if not,
then in like manner in one of the nearest news-
papers published in the State. A copy of such
publication, and the affidavit of the publisher
or printer attached thereto, shall accompany the
report of the officer serving such citation."

The Austin Court of Civil Appeals in Railroad Com-
mission of Texas v. Texas and New Orleans R. Co., 42 S.W.
(2d) 1091, held as follows:

"The intention of the Legislature must be
gathered from the language of the statute con-
strued as a whole, giving the words used their
common and ordinarily accepted meaning; and, if
the words employed are free from ambiguity and
doubt, and express plainly, clearly, and dis-
tinctly the intent, according to the natural
import of the language used, then no occasion
arises to look elsewhere. State v. Delesdenier,
7 Tex. 106; Rosenberg v. Shaper, 51 Tex. 140;
Hanrick v. Hanrick, 54 Tex. 110; Boon v. Chamber-
lain, 82 Tex. 482, 18 S.W. 656; Murray v. State,
21 Tex. App. 631, 2 S.W. 757, 57 Am. Rep. 623;
Texas & P. Ry. Co. v. Railroad Commission of
Texas, 105 Tex. 386, 150 S.W. 878; article 10,
R.S. 1925."

In Harolds v. The State, 16 Tex. App. 157, the Court
of Appeals held as follows:

"When the new statute in itself comprehends
the whole subject and creates a new, entire and
independent system respecting the subject matter,
it is universally held to repeal and supercede
all previous systems and laws respecting the same
subject matter. (Stirman v. The State, 21 Texas
734; Etter v. Missouri Pacific Railway Company,
Texas Law Review, vol. 2, No. 23.)"

To like effect, see: Robertson v. State, 159 S.W.
713; First National Bank v. Lee County Cotton Oil Co., 250

Honorable Joe Fultz, Page 4

S.W. 313, affirmed (Com. App.) 274 S.W. 127; State v. International & G. N. R. Co., 57 Tex. 534.

Art. 3600, V.A.C.S., provides the length of time for the publication of a citation in a probate matter; i.e., where an estate is sought to be partitioned and distributed under the provisions of Ch. 24, Title 54, V.A.C.S. Art. 3310a, V.A.C.S., is the latest expression of the Legislature with reference to the length of time for publication of citations in probate matters; its language is clear and unambiguous; it creates a new, entire, and independent system respecting the subject matter; and it repeals all laws in conflict therewith. Consequently, Art. 3310a, V.A.C.S., controls.

Therefore, it is our opinion that citations by publication to non-resident persons who are interested in an estate sought to be partitioned and distributed under the provisions of Ch. 24, Title 54, V.A.C.S., should be published once and said publication should be not less than ten (10) days before the return day thereof.

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED FEB 9, 1944

ATTORNEY GENERAL OF TEXAS

By _Thos. B. Duggan, Jr._
　　　　Assistant

By _Virginia Noel_

VN:ff


APPROVED OPINION COMMITTEE