Keenan D. WALLACE, on behalf of himself and for the benefit of Jennie D. Wallace Fields and Diana Sue Wallace Henderson, Appellant,

v.

HOMAN & CRIMEN, INC., et al., Appellees.

No. 6819.

Court of Civil Appeals of Texas, El Paso.

June 13, 1979.

Rehearing Denied July 11, 1979.

Watrous & Associates, Ira Watrous, Houston, Howell & Fields, Larry G. Fields, El Paso, for appellant.

Kemp, Smith, White, Duncan & Hammond, William B. Duncan, Luis Chavez, Scott, Hulse, Marshall & Feuille, Schuyler B. Marshall, Robert A. Junell, El Paso, for appellees.

## OPINION

OSBORN, Justice.

This case involves the application of a statute of limitation which reduced the period of time within which a minor could sue a hospital or doctor covered by liability insurance for a tort. The trial Court concluded that that limitation barred the suit and granted a summary judgment for the Appellees. We affirm.

The Appellant's father sustained fatal injuries after jumping from a window of Southwestern General Hospital in El Paso on December 18, 1961. At the time of his father's death, Kennan D. Wallace was three years old. He filed this suit on June 24, 1977, when he was nineteen and his sisters for whom he sued were thirty-three and twenty-six years old. Suit was brought under the provisions of Article 4671, et seq., Tex.Rev.Civ.Stat.Ann., the Texas Wrongful Death Statute, against both the treating physician and the hospital.

■ Both Appellees pled limitation as a defense, and each offered summary judgment proof to establish that at the time of the incident in question they were duly licensed and were covered by a policy of professional liability insurance. These facts are not contested. Prior to 1975, this cause of action would have been controlled by Article 5526, Tex.Rev.Civ.Stat., which provides a two-year statute of limitation, and Article 5535, Tex.Rev.Civ.Stat.Ann., which would have tolled the running of the statute of limitation until a person reaches the age of majority, now being eighteen years.

But, the 64th Regular Session of the Legislature passed Senate Bill No. 466, which was codified as Article 5.82 of the Insurance Code. It became effective on June 3, 1975, and provided in part as follows:

Sec. 4. Notwithstanding any other law, no claim against a person or hospital covered by a policy of professional liability insurance covering a person licensed to practice medicine * * * or a hospital licensed under the Texas Hospital Licensing law, * * * whether for breach of express or implied contract or tort, for compensation for medical treatment or hospitalization may be commenced unless the action is filed within two years of the breach or the tort complained of or from the date the medical treatment that is the subject of the claim or the hospitalization for which the claim is made is completed, except that minors under the age of six years shall have until their eighth birthday in which to file, or have filed on their behalf, such claim. Except as herein provided, this section applies to all persons regardless of minority or other legal disability.[1]

But for this statute, Keenan Wallace would have had until June 26, 1977, his twentieth birthday, to file suit. Considering the 1975 statute, the pertinent dates are noted as follows:

| | |
|---|---|
| Date of accident | 12–18–61 |
| Effective date of Art. 5.82 | 06–03–75 |
| Appellant's 18th birthday | 06–26–75 |
| Two years from effective date of Art. 5.82 | 06–03–77 |
| Petition filed | 06–24–77 |
| Two years from 18th birthday | 06–26–77 |

By his first point of error, Appellant asserts that the 1975 statute violates Article I, sec. 16, of the Texas Constitution, and is void because it is retroactive and affords no reasonable time to bring suit on actions which were not yet barred by limitation. In *Wright v. Hardie*, 88 Tex. 653, 32 S.W. 884 (1895), the court recognized the right of the Legislature to provide a shorter period of limitation for an existing cause of action and to make a statute of limitation for causes when none existed before, so long as it allows a reasonable time after the law goes into effect to bring suit upon actions which are not then barred. Also see 37 Tex.Jur.2d Limitation of Actions sec. 9 (Supp.1978).

---

1. This Section was repealed effective August 29, 1977.

The rule was again enunciated in *Williams v. Reed*, 160 S.W.2d 316 (Tex.Civ.App. —San Antonio 1942, writ ref'd w. o. m.), where the court said:

It is settled law that a statute of limitation, such as this, which applies by its terms to the enforcement of rights already accrued, does not offend against the constitutional prohibition against passage of retroactive laws, or laws impairing the obligation of contracts, because it does not operate upon vested rights, but only upon the remedy for enforcing those rights. It follows, then, that the Legislature may establish, or shorten, the period in which suits may be brought upon existing causes of action, provided a reasonable time is allowed after the enactment in which such suits may be commenced. 16 C.J.S. Constitutional Law, p. 846, § 394; 28 Tex.Jur. 81, subsection 7; *De Cordova v. City of Galveston*, 4 Tex. 470; *Boon v. Chamberlain*, 82 Tex. 480, 18 S.W. 655; *Bunn v. City of Laredo*, Tex.Civ.App., 208 S.W. 675; Id., Tex.Com.App., 245 S.W. 426; *Farmers' Life Ins. Co. v. Wolters*, Tex.Com.App., 10 S.W.2d 698; Id., Tex. Com.App., 14 S.W.2d 58.

▪ Of course, if a limitation statute is so *applied* as not to allow a reasonable time after the law goes into effect to bring suit upon actions which are not yet barred, it would be unconstitutional. *Highland Park Independent School District v. Loring*, 323 S.W.2d 469 (Tex.Civ.App.—Dallas 1959, no writ). Had the Court in this case denied a suit filed within two years from the effective date of the new limitation period, we would conclude that a reasonable time was not allowed to enforce an accrued right. But in this case, suit was filed after the period allowed by the statute itself and we conclude the remedy was barred. Point of Error No. One is overruled.

▪ The next point asserts the 1975 Act is in violation of Article III, sec. 35, of the Texas Constitution because it has more than one subject. The test to be applied to this issue was set forth in *Jessen Associates, Inc. v. Bullock*, 531 S.W.2d 593 (Tex.1975), where the court said:

In determining whether a bill includes more than one subject, both the constitutional provision and the statute under consideration are to be liberally construed in favor of constitutionality. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974); *Central Education Agency v. Independent School District of City of El Paso*, 152 Tex. 56, 254 S.W.2d 357 (1953). The statute will be upheld where its provisions relate, directly or indirectly, to the same general subject, and have a mutual connection. See *Robinson v. Hill*, supra, and cases cited therein. Or, stated differently, the provision is valid where it is germane to the subject of the bill. *Moore v. Sheppard*, [144 Tex. 537, 192 S.W.2d 599], supra; *Linden v. Finley*, [92 Tex. 451, 49 S.W. 578], supra; *Missouri-K. T. R. Co. v. Rockwall County Levee Improvement District No. 3*, 117 Tex. 34, 297 S.W. 206 (1927).

The cases require that a statute be upheld where its provisions relate, directly or indirectly, to the same general subject, have a mutual connection, and are not foreign to the subject expressed in the title. *Robinson v. Hill*, 507 S.W.2d 521 (Tex.1974). The title to this Act provided that it was an Act relating to the regulation of professional liability insurance for persons licensed to practice medicine and for any licensed hospital and that it provided a limitation period within which claims must be filed. We conclude the title meets the requirement of provisions related to the same single subject matter and the Act is not unconstitutional for this reason. Point of Error No. Two is overruled.

The last point of error asserts the trial Court erred in granting summary judgment for the Appellees because Appellant is entitled to have the two-year statute of limitation as set forth in Article 5526, Tex.Rev. Civ.Stat.Ann., tolled by the operation of Article 5535, Tex.Rev.Civ.Stat.Ann. The Appellant cites no authority in support of this point of error, and it is the same contention made under Point of Error No. One. We reach the same result as under that point. Point of Error No. Three is overruled.

The Appellees present one counterpoint in which they assert that the claims of Jennie Wallace Fields and Diana Wallace Henderson are barred by limitations because even without regard to the 1975 statute they were barred from making any claim under the provisions of the two-year statute of limitation. The Appellant does not contest this counterpoint and it is sustained.

The judgment of the trial Court is affirmed.